Brownell *v.* Bradley et al.

### SAMUEL A. BROWNELL *v.* HARRY BRADLEY, TIMOTHY FOLLETT AND JOHN BRADLEY.

If a petition for partition be brought against several individuals, having distinct interests, as tenants in common with the plaintiff in separate parcels of land, and with no connection between each other in some of the parcels, such petition will, on motion of any one of the petitionees, be dismissed.

PETITION FOR PARTITION.    The petition set forth that the petitioner was tenant in common with the defendant, H. Bradley, of certain lands lying in Duxbury in the county of Washington, and in Essex in the county of Chittenden, and was also tenant in common with all the defendants of certain other lands, &c., lying in Williston in the county of Chittenden, and prayed that partition thereof might be made, and his interest be set forth distinct and separate from the rest.

The defendant, H. Bradley, moved that the petition be dismissed, on the ground that the petitioner had joined therein matters distinct in right, and wherein the petitionees had no community of interest. The court dismissed the petition as to said Harry Bradley; to

which decision the plaintiff, and also the petitionees, Follett & Bradley, excepted.

*Allen & Platt* and *C. Adams* for plaintiff.

The defendant, Harry Bradley, is interested in all the land described in the petition, and it is not perceived in what way the joinder of Follett & Bradley can prejudice his rights. How far Follett & Bradley might object is not the question, since they are willing to submit to a partition. There is nothing in the language of the statute to forbid the joinder, but rather the contrary. By it the court are authorized to make an addition to the parties by admitting those not named in the petition; they may take the title from one party and transfer it to the other, or they may order the whole estate to be sold. Indeed, the power of the court seems limited only by what the court shall consider just and equitable between the parties.

*J. Maeck* and *Lyman & Marsh* for 'H. Bradley.

The case presents but a single point, — whether one tenant in common can join, in a petition for partition of several parcels of land, other tenants with himself, holding in different rights, and having no joint or common interest in all the several parcels.

Proceedings in partition, though by statute within the jurisdiction of the common law courts, are in their nature analagous to suits in equity, and seem to be properly governed by the principles of pleading in equity. Upon these principles the petition is bad for multifariousness. *Whaley* v. *Dawson*, 2 Sch. & Lefroy 367. *Saxton* v. *Davis*, 18 Ves. 72. *Brinckerhoff* v. *Brown*, 6 Johns. Ch. R. 139. *Fellows* v. *Fellows*, 4 Cowen 682. *Boyd* v. *Hoyt*, 5 Paige 65. *Morcoy* v. *Pebree*, 3 Sim. 466. *Harrison* v. *Hogg*, 2 Ves. jr. 323. *Hester* v. *Weston*, 1 Vern. 463. *Dilly* v. *Doig*, 2 Ves. jr. 486.

The opinion of the court was delivered by

WILLIAMS, Ch. J. This is a writ of partition, brought under our statute, in which it is set forth that the petitioner and one of the defendants, Harry Bradley, are seized in common of certain lands in Duxbury in the county of Washington, of which the petitioner owns one undivided fourth part, and Harry Bradley the other three

fourths;—that the petitioner is seized, in common with the said Harry Bradley, of other lands in Essex in the county of Chittenden; and also that he is seized, in common with the said Harry Bradley, and also with Timothy Follett and John Bradley, of certain other lands in Essex, of which the petitioner owns three eighths of one tract, one fourth of another, &c. One of the defendants, Harry Bradley, objects to the petition, that there is no community of interest in the several defendants, and moves to dismiss the process.

It is apparent that there is no connection between the lands of which the petitioner and Harry Bradley are seized, and those of which the petitioner and Harry Bradley and Follett and John Bradley are seized;—and that the several parts of the petition, or counts in the declaration, if they may be so called, require several answers, and several defences;—and that the defendants could not join in a plea as to the whole. That part of the petition which refers to the lands in Duxbury, and the lands of which the petitioner and Harry Bradley are seized in common, is to be answered by Harry Bradley alone; the other part, by him and the other defendants. This would involve several and distinct issues, between different persons having a different interest, and we are not aware that such a proceeding can be sanctioned by any authority whatever. Follett & Bradley have no interest in the lands in Duxbury, and could not compel the petitioner, or Harry Bradley, to make any severance or division of those lands. It is evident to us that there has been a misjoinder of the several owners of the lands described in the petition.

The writ of partition lay at common law only between parceners. It was extended, by the statute of Henry VIII, to joint tenants and tenants in common. It is considered as an adversary suit, in which the title may be contested, and, on account of the difficulties attending the process, it is more usual in Great Britain to resort to chancery. But in chancery I doubt whether the present application could succeed, and whether a bill, embracing all the claims set forth in this petition, would not be demurrable for multifariousness. The alienee of a parcener could not, at common law, have a writ of partition against the other parcener, though the other parcener could have such writ against him. After the statute, inasmuch as they became tenants in common, he could bring the writ;—but he

could not join with another parcener in bringing such writ against a third parcener, inasmuch as the writ was given to one at common law, and to the other by statute. Co. Litt. 175, a. The same point was adjudicated in *Ballard* v. *Ballard*, Dy. 128, and also in the case of *Hector & Temple* v. *Cooke*, Dy. 265, p. 5, and a writ, thus brought, was abated. We are, therefore, of opinion that these defendants could not be joined, and that either of them could take advantage of the misjoinder. The county court, therefore, correctly decided to dismiss the petition as to Harry Bradley, and consequently as to all the defendants. Their judgment is therefore affirmed.