HORATIO H. HUNNEWELL *vs.* GEORGE A. TAYLOR & others.

A tenant in common of two parcels of land in different proportions, of one as co-tenant with one person, and of the other as co-tenant with the same person and others, cannot have judgment for partition of both on one petition.

PETITION for partition of a lot of land on Washington Street in Boston, originally filed against George A. Taylor alone,

alleging that the parties were each seized of an undivided half thereof. George A. Taylor pleaded that the petitioner was not seized of an undivided half of the whole of the estate, but that of a portion thereof (described) the petitioner was seized of six undivided sixteenths, the respondent of seven undivided sixteenths, and three other persons named of one undivided sixteenth each. And so the court held at March term 1853.

The petitioner then amended his petition, by alleging that he and the respondent and said other persons were seized of said portion in said proportions, and praying that they might be summoned in and made parties to the petition. And they were accordingly summoned in. The respondents then objected that the petition could not be maintained, because the petitioner now prayed for partition of two distinct parcels of land, in which he claimed different proportions, and of one of which he was a tenant in common with one of the respondents in equal moieties, and of the other of which he was tenant in common with all the respondents, and claimed only six sixteenths thereof.

*H. F. Durant,* for the petitioner.

*C. A. Welch,* for the respondents.

METCALF, J. The question now raised is this: Can a petitioner, who holds two parcels of land in different proportions, one as co-tenant with A, and the other as co-tenant with A, B and C, have judgment for partition of both, on one petition? And we have no doubt that he cannot. Nor could he, even if he owned the same proportional part in each parcel. If he holds, with *the same co-tenant* or co-tenants, different parcels, in different proportions—as half of one and two thirds of another —he may have partition of both on one petition. *Halton* v. *Earl of Thanet,* 2 W. Bl. 1134, 1159. In such a case there would be no misjoinder. But by the amendment which this petitioner has made of his petition, there is a misjoinder which must defeat him. The holder of a note against A, and also a note against A, B and C, might as well bring one action on both notes, and recover judgment thereon.

The cases cited by the respondents' counsel, from the Vermont and Indiana reports, show that the point which we now

decide has been decided in the same way by the courts of those States. *Brownell* v. *Bradley*, 16 Verm. 105. *Kitchen* v. *Sheets*, 1 Carter, 138.

The petitioner may have leave to amend again, by asking for partition of one only of the parcels. If he desires partition of the other, he must file a separate petition.