CLARK *et al.* v. RICHARDSON *et al.*

</div>

**Dower: PARTITION.** Lands assigned to a widow as dower are not subject to partition or sale in an action by the heirs for that purpose. She has a right to claim the specific property assigned her, though her dower be but a life estate therein.

<div align="center">

*Appeal from Davis District Court.*

FRIDAY, OCTOBER 6.

</div>

THE plaintiffs filed their petition for partition of certain lands of which Lyman Richardson died seized, to wit: The west $\frac{1}{2}$, south-east $\frac{1}{4}$, section 36, township 66, range 12; north-east $\frac{1}{4}$, south-east $\frac{1}{4}$, section 36; south-west $\frac{1}{4}$,

north-east ¼, section 36, township 69, range 12, and south-west ¼, north-west ¼, section 6, township 68, range 11. Ruth Richardson, widow of Lyman Richardson, answered, claiming ·title in fee simple to north-west ¼, south-east ¼, section 36, by virtue of a deed from plaintiff, Jane Clark, and the other heirs; also claiming the north-east ¼, south-east ¼ of section 36, as a part of her homestead, and further claiming that the north-east ¼ of south-east ¼, section 36, and north ½ of south-west ¼ of north-west ¼, section 36, township 68, range 11, had been admeasured to her as dower.

The court found that Lyman Richardson, at the time of his death, was the owner of the lands in the petition described; that he died intestate, and that Ruth Richardson is his widow; that Lyman, with said Ruth, had their dwelling-house on the north-west ¼, south-east ¼ of section 36, which was of the value of $6 per acre at the date of Lyman's death, and were beginning to make a farm on said lands; also that since the death of said Lyman, Ruth has put in cultivation and improved said last described tract, and the north-east ¼, south-east ¼ of section 36, which was also worth $6 per acre, and claims the same as her homestead; that Ruth is the owner, by purchase from plaintiffs and the other defendants, of the north-west ¼, south-east ¼, section 36, and that, previous to such purchase, upon her application, her dower was assigned, consisting of the north-east ¼ of south-east ¼, section 36, and north ½, south-west ¼, north-west ¼, section 6.

Referees having reported that the land was not susceptible of division, the court ordered that all the land, except the forty acres purchased by Ruth Richardson, be sold, and that the proceeds of sixty acres be loaned for her benefit. Ruth Richardson appeals.

*M. H. Jones* for the appellant.

*Trimble & Caruthers* for the appellee.

Clark v. Richardson.

DAY, Ch. J. — The only question presented by the record which it is essential for us to consider is, whether the dower of the widow was, in this case, the proper subject of partition. If it was not, the court erred in ordering it to be sold and the proceeds thereof invested for her during her life.

It is conceded that, at the time of the death of Lyman Richardson, the dower interest was a life estate. It is claimed by appellee that, under the provisions of section 3630 of the Revision, this life estate was a mere *incumbrance* upon the property, subject to partition, and that hence the order of the court was proper.

Said section is as follows: " If an estate for life or years be found to exist as an incumbrance upon any part of said property, and if the parties cannot agree upon the sum in gross which they will consider an equivalent for such estate, the court shall direct the avails of the incumbered property to be invested, and the proceeds to be paid to the incumbrancer during the life-time of the incumbrance."

Now the fallacy of appellee's position is, that it assumes the very point in dispute, namely, that dower assigned for life is the subject of partition. For the section clearly has reference to property which may be partitioned, and provides the mode of adjustment of an incumbrance by way of estate for life or years existing thereon. Now, if it be found that dower, when assigned, is not properly the subject of partition, it must be apparent that section 3630 can have no reference or application to it. The object of the action of partition is to effect a division of real property among several joint owners, so that each may hold his respective share in severalty. Rev., § 3606.

It is to be observed in this case that the widow's dower had been assigned before the institution of the partition proceedings. Whatever was the nature of the widow's tenancy before admeasurement of dower, from that time she did not hold any part of the premises as joint tenant .

or tenant in common with the other heirs. By the assignment of dower she became seized in severalty of the part assigned, and entitled to its possession. Whence then is derived the authority to cast the portion thus severed again into a common tenure, and, against the will of the widow, to compel her, in lieu of the possession of the lands assigned, to accept the interest upon the avails of their sale? Is it competent for the heirs to select their own time, it may be a season of great commercial embarrassment, for a partition and judicial sale of the premises, and to become themselves the purchasers of the widow's dower, under circumstances the most unfavorable for its sale? If such be the law, it must rest upon controlling reasons of necessity and policy, which have never suggested themselves to our minds, and to which our attention has not been directed in the argument of appellee. The provisions, with reference to the admeasurement of dower, would possess little utility if each heir can, at his own election, and in his own appointed time, undo that which has been formally done.

The hardships and inconveniences which would flow from such a construction of the law are too numerous to be mentioned, but they will readily suggest themselves to the legal mind.

In New York it has been held that the widow is not included in the description of joint tenant, tenant in common or coparcener, and that, even *before* assignment of dower, she cannot be affected by partition proceedings. *Bradshaw* v. *Callaghan*, 8 Johns. 558; *Coles* v. *Coles*, 15 id. 319. It is not necessary that we should go to that extent in this case.

It is clear to us that if any tenancy in common exists *before* assignment, it does not exist after assignment. And, as a consequence of the destruction of the common tenure, it follows that the lands assigned as dower cannot be partitioned among the heirs, even upon their paying the widow the interest upon its value.

She has a right to the enjoyment of the specific property assigned her, and cannot be compelled, against her will, to exchange it for other.

Reversed.