DRUCILLA PANKEY et al. *v.* MARTHA HOWARD et al.

1. PARTITION STATUTE — ART. 73, P. 551, REV. CODE 1857. — Under this statute, the chancery court cannot decree a sale of any land, except such as the parties have a joint interest in, in joint tenancy, tenancy in common or coparcenary. Unless the several parties to the suit would be entitled to partition of the land, there can be no sale for distribution of the proceeds among them.

APPEAL from the chancery court of Holmes county. HENRY, J.

*H. S. Allen,* for appellants.

The decree rendered in this cause is erroneous, on account of the manner in which the process was executed on the defendants.

In the case of Robertson v. Johnson, 40 Miss. page 500, the decree was held erroneous because the process was returned "executed," and such is the return in this case.

By reference to the record, it will appear that no notice was served on the defendants of the taking of the depositions; this is also error, because a decree cannot be taken against infants, especially, without some proof of the allegations in the bill, and depositions with-

out notice are not proof. Two tracts of land are given in the bill; one belonged to the heirs of W. Stanfill, and the other to the heirs of Mary and Nathan H. Edwards, and the heirs of both parties were minors. The Edwards' heirs owned one-fourth interest in the Stanfill land, through their mother, but the Stanfill heirs, as such, had no interest in the Edwards' land, and the chancery court had no jurisdiction of the Edwards' land for the purpose of a sale to benefit the heirs of Stanfill in a sale of their land.

A court of appeals is as much the guardian of the rights of minors as a court of original jurisdiction; and, whenever it appears that the rights of minors have not been properly protected, should protect them by a reversal of the decree, in which their rights have not been properly protected.

The heirs of Edwards had an interest of only 60 acres in the Stanfill land, but had of their own land about 500 acres. Now, is it right to sell a large tract of land which belongs exclusively to three minors, that a good sale may be made of 240 acres, in which said three minors have only 60 acres? I cannot think this court will permit such sales to be enforced under such proceedings as were had in this case.

*J. A. P. Campbell,* on same side.

The "Edwards' heirs" (of whom the plaintiff here were) owned 500 acres of land exclusively. They had an undivided one-fourth interest in 240 acres of other land contiguous to the 500 acres. Martha Howard owned an undivided one-fourth interest in the 240 acres. A minor named Stanfill owned one-fourth, and the children of Edny Beall, deceased, the remaining one-fourth interest in the 240 acres. Isaiah Howard, husband of Martha Howard, was guardian of the "Edwards' heirs." James Wallace was guardian of the minor, "Stanfill."

The bill was exhibited by Mrs. Howard and husband, the latter describing himself as guardian of the "Edwards' heirs," and James Wallace, guardian of the minor, "Stanfill."

The "Edwards Heirs," the minor, "Stanfill," the children of Edny Beall, deceased, and others, were made defendants.

The bill stated that the two tracts are incapable of advantageous division, and that the interests of the parties will be promoted by sale and division of the proceeds, which is prayed.

The defendants were minors.

A final decree was rendered, as prayed by the bill.

This decree must be reversed, because of the defective service of process.

But the attention of the court is asked to the substantial matters of the case, in order that the court below may be advised how to dispose of it.

This bill was brought under art. 73, p. 551, Rev. Code of 1857, as it is supposed. It is manifest that it is not maintained by that law, for the parties were not joint tenants, tenants in common, or coparceners of the land sought to be sold. They were jointly interested in the 240 acres, They had no common interest in the 500 acres. That tract was owned exclusively by the "Edwards' heirs." It was improper to blend the two separate and distinct matters. This objection goes to the foundation of the suit, and as the defendants to the bill were minors, although the bill was not demurred to, this court will interpose for the protection of the infants.

It is apparent that Mrs. Howard, who owned one-fourth interest in the 240 acres, desired to sell her interest, and in order to effect her object advantageously, her husband, who was guardian of the "Edwards' heirs," owners of one-fourth interest in the 240 acres, and Wallace, (who was guardian of the minor, Stanfill,

owner of one-fourth in the 240 acres,) joined with her in a bill to sell not only the 240 acres in which Mrs. Howard, " Edwards' heirs," the minor, Stanfill, and children of Edny Beall, had a common interest, but the 500 acres, the exclusive property of the " Edwards' heirs." Under art. 73, p. 551, Code 1857, the court could decree sale of the 240 acres on the application of a party in interest. But the court could not decree sale of land in which the party filing the bill had no interest. It is observable that none of the parties filing this bill had any interest in the 500 acres. The parties who filed the bill are Martha Howard and her husband, and two guardians. Martha Howard had no claim on the 500 acres, and it is very certain the guardians, as such, had no interest entitling them to a decree for sale for division, and yet, on their application, the 500 acres of land belonging exclusively to the "Edwards' heirs" was ordered to be sold. A glaring error, for which the decree would be reversed, if the process had been duly served.

SIMRALL, J. :

The bill was filed for the purpose of selling two parcels of land, and the allegation that partition could not be conveniently made, and that it would be for the benefit of the owners that both should be sold together in one body. These tracts, whilst distinct, were adjoining, and united would make a valuable property, and would produce more money at a sale in a body, than separately.

One parcel containing two hundred and forty acres, is the property of the heirs of Washington Stanfill. Martha Howard inherited one-fourth, the other three-fourths were respectively inherited by heirs of Edny Beall, of Mary Edwards, and of John Stanfill.

The other tract, containing about five hundred acres, descended from Nathan H. and Mary Edwards, father

and mother to their children and heirs, (who are minors,) to wit: Drucilla, Nathan H., and James Edwards. Mary Edwards, the mother of these children, had one-fourth interest in the above named tract of 240 acres, which descended to them on the mother's death. But the other co-tenants of that tract had no interest in the last named parcel of 500 acres.

The question, therefore, is whether there is such a unity of title and tenancy as would authorize the chancery court to decree in this suit a sale of the two tracts.

Jurisdiction of the chancery court to make sale of lands held in joint tenancy, tenancy in common, or coparcenary, is defined by art. 73, page 551, Code 1857, to be executed, "whenever, in the opinion of the court, a sale will better promote the interest of all parties than a partition."

The joint tenancy must attach to the particular lands proposed to be sold, and a sale must be more advantageous to the tenants than a partition. If there be several distinct, separate parcels, each must be held by the same tenants, as coparceners, joint tenants, or tenants in common. If they would not be entitled to partition, of a particular tract, neither could they or any of them, demand a sale; for the right to sell rests upon the superior advantage of a distribution of the money, produced by a sale, to a partition of the land itself.

The bill was brought by Mrs. Howard and husband, the latter being guardian of the Edwards' heirs, and Wallace, guardian of the minor, Stanfill. The larger tract, containing 500 acres, belongs exclusively to the Edwards' heirs; the ward of Wallace has no interest in it whatever. There is a tenancy in common between the Edwards' heirs, Stanfill, the minor, Martha Howard, and the heirs of Edny Beall, in the smaller tract of 240 acres. But that tenancy does not extend to the 500 acre tract.

It would be legitimate, under the statute, as between

all the parties to this suit, to bring a bill in chancery for the sale of the 240 acre tract. So, too, a bill might be maintained as between the Edwards' heirs, for the sale of the other tract. But to that suit, the co-tenants of the 240 acre tract would be unnecessary and improper parties, because they have no title or interest in the land.

The ground made in the bill for the sale, is that the two tracts united would bring more money than a separate sale of each. That might be well enough if all the tenants of the smaller tract had a like interest and tenancy in the larger. To put the proposition to another test, would upon the sale, all the parties having title to the 240 acre tract, share in the proceeds of the other tract. We have seen that they would not.

We are satisfied that the chancery court could not, within the purview of the statute, order a sale of lands held as these lands were.

The service of the citations on the defendants is insufficient, and has been so uniformly held, since the adoption of the Code of 1857.

The decree is reversed, and ordered here that the suit be dismissed.