WILLIAM K. RECKEFUS and ALICE M. RECKEFUS, his wife *vs.* GEORGE TAYLOR LYON and others.

*Equity pleading—Multifariousness—Dismissal of Bill in Equity—Equity Rule 33.*

A bill which asks for the partition or sale of two tracts of land, one of which was held in common by the plaintiff's ancestor and his brother, while the other was held in common with his brother and a third person, and which makes both the brother and the third person defendants, is multifarious.

Where a bill which asks for the partition or sale of two tracts of land, one of which was held in common by the plaintiff's ancestor and his brother, and the other was held in common with his brother and a third person, and which joins both the brother and the third person as defendants, is held to be multifarious, the bill will not be dismissed, but the cause will be remanded to allow the plaintiffs to proceed, (though they refused to ask leave to amend their bill in the lower Court,) for the partition or sale of one of the tracts, as they may elect, under Equity Rule 33, which gives Courts of equity the power to dismiss a bill as to such of the subject-matter as may be improperly joined or included therein, so as to relieve it of the objection of being multifarious.

APPEAL from the Circuit Court for Harford County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and McSHERRY, J., for the appellants, the Court declining to hear counsel for the appellees.

*William J. Jones,* for the appellants.

*William M. Marine,* for the appellees.

STONE, J., delivered the opinion of the Court.

Andrew Lyon died seized as tenant in common with his brother George, of certain real estate in the town of Havre de Grace, Maryland. He also died seized of an interest in certain *other* real estate lying in the same town, in which last mentioned real estate his brother George and a certain J. Thompson Frieze both had an interest.

After the death of Andrew Lyon, his heirs filed a bill for the partition or sale of *all* the said real estate, and made George Taylor Lyon, the brother of Andrew, and J. Thompson Frieze, defendants.

The defendants answered, and among other things set up the defence that the bill was multifarious. That question was set down for hearing, and after argument the Court decided, that the bill was multifarious, but intimated in its opinion that it would hear whether the complainants desired to amend their bill. The complainants, however, refused to ask leave to amend their bill, and the Court then passed a decree dismissing the bill. From this decree the complainants have appealed.

The only question therefore presented to us upon this appeal is, whether certain real estate, held in common by Andrew and George Taylor Lyon, and also certain *other* real estate held in common by Andrew and George Taylor Lyon and a certain J. Thompson Frieze, could properly be divided or sold, under *one bill* for partition? It is a question of pleading only.

No authority has been shown that such has been the practice in this or any other State. But in Massachusetts, Vermont, Indiana and Ohio, it has been expressly decided that it could not properly be done. *Kitchen vs. Sheets,* 1 *Carter,* 138; *Brownell vs. Bradley,* 16 *Vermont,* 105; *Hunnewell vs. Taylor,* 3 *Gray,* 111; and *Harman vs. Kelley,* 14 *Ohio,* 502; *Freeman on Cotenancy,*

*sec.* 437. All these authorities hold that it is a misjoinder to include in one proceeding for partition, real estate owned jointly by A. and B., and also real estate owned jointly by A. B. and C.

The reason why this should not be done, they say is obvious. C. has no interest whatever in the lands held jointly by A. and B., and he therefore cannot properly be made a party to their controversies, and made to bear the burden of any part of their costs. In such a case also there must be two separate decrees against different parties, and relating to different subject-matters which is manifestly improper.

We think therefore that there should have been two separate suits in this case, one for the partition of the lands held in common by Andrew and George Taylor Lyon, and the other for the partition of the lands held by said Andrew, George Taylor, and J. Thompson Frieze; and the complainants having declined to amend their bill when the opportunity was offered, I am of opinion the decree of the Court below dismissing the bill should be affirmed with costs.

(Filed 14th December, 1888.)

MILLER, J., delivered the following supplemental opinion.

A majority of the Judges who heard this case, while concurring in the foregoing opinion of Judge STONE in all other respects, are of opinion that the decree which dismisses the bill upon the ground of multifariousness should be reversed, and the cause remanded, in order that the appellants may proceed with their bill for the partition of that part of the real estate in the proceedings mentioned, in which Andrew Lyon was joint owner with George Taylor Lyon, *or* that part of it in which Andrew Lyon was joint owner with George

Taylor Lyon and J. Thompson Frieze, as they may elect.. Equity rule 33, was passed for the purpose of preventing a bill from being dismissed *in toto* on this ground. It gives Courts of equity the power to dismiss a bill as to such of the subject-matter as may be improperly joined or included therein, so as to relieve it of the objection of being multifarious, and we think the appellants are entitled to the benefit of this rule, notwithstanding they may have declined, or may not have desired, to amend the bill in the Court below.

*Decree reversed, and*
*cause remanded.*

(Decided 10th January, 1889.)