[L. A. No. 2291.  In Bank.—February 10, 1909.]

ELIZA F. HUBBARD MIDDLECOFF et al., Appellants, v. MARIA HUBBARD CRONISE et al., Respondents.

PARTITION—LANDS SITUATED IN DIFFERENT COUNTIES.—Partition may be had in one action of two or more tracts of land, and the fact that such tracts are situated in different counties cannot affect this right, the action being maintainable in such a case in any county in which a part of the property is situated.

ID.—PARTITION OF SEVERAL TRACTS IN ONE ACTION—ALL PARTIES MUST BE COTENANTS OF EACH TRACT.—Subject to the exception hereinafter noted, while two or more parcels of land may be the subject-matter of a single action for partition, even though the interest of each cotenant is not the same in each parcel, in order to justify such union in one suit each parcel of land must be owned by the same persons. A joinder of several parcels of land in one action all of which were not so owned in common would be a misjoinder of causes of action.

ID.—LANDS ORIGINALLY HELD IN COMMON—CONVEYANCE OF INTEREST BY COTENANT—JOINDER OF SUCCESSOR IN PART OF TRACT.—An exception to the foregoing rule exists in the case where one cotenant has made a conveyance of his interest in a portion of the property held in common. In such a case, the grantor cannot prejudice the rights of his cotenants to a partition of the common property, and his grantee or successor simply steps into the shoes of the grantor, subject to all the rights of the other cotenants and their successors as to partition. For all the purposes of partition, the whole property originally held in common by the cotenants, whether consisting of one or any number of parcels, continues to be a unit, the subject-matter of a single action, in which the respective rights of all the parties interested, original cotenants, and successors, may be determined.

ID.—JOINDER OF TRACTS AND PARTIES.—In such exceptional case, a necessary party defendant may be a cotenant only as to one of the parcels involved, and the fact that he is not interested in the other parcels is no ground of objection to the joinder in one action of the various parcels of land. In such case, there is but one cause of action stated, the partition of a single lot of real property originally held in common, and, for all the purposes of the proceeding, still so held.

ID.—REAL PROPERTY SUBJECT TO PARTITION IN ONE ACTION—JOINDER OF ADVERSE CLAIMANTS.—The "real property" referred to in section 752 of the Code of Civil Procedure, as to which an action for partition may be brought, is real property as to which such unity of title exists as authorizes a single action under the foregoing rules. That the rights of adverse occupants of the land sought to be

partitioned may be put in issue, tried, and determined, does not affect the question of joinder as to different tracts of land.

ID.—JUDGMENT FOR DEFENDANT ON SUSTAINING DEMURRER FOR MIS-JOINDER.—A judgment rendered in favor of the defendants, in an action for partition, upon sustaining a demurrer to the complaint on the ground of misjoinder of causes of action, the misjoinder consisting in the joinder in one action of several tracts of land, in some of which some of the defendants had no interest, would not prejudice the right of the plaintiff to maintain new actions for the partition of such lands, against such of the defendants as were cotenants thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

W. W. Middlecoff, for Appellants.

Carter P. Pomeroy, for Respondents Cronise.

Percy R. Wilson, for Respondent Robert F. Middlecoff.

ANGELLOTTI, J.—This is an action commenced in the superior court of Los Angeles County by Mrs. Eliza F. H. Middlecoff and one of her two minor children, against her other minor child and Mrs. Maria H. Cronise, for the partition of three separate parcels of land, situated respectively in the city and County of San Francisco, Los Angeles County, and San Joaquin County. The husband of Mrs. Middlecoff is made a party plaintiff and the husband of Mrs. Cronise is made a party defendant, but neither has any interest in the property.

Mrs. Cronise is interested in the San Francisco property only, under a deed executed April 28, 1890, by one Maria S. Hubbard, then the owner in severalty of the whole thereof, conveying an undivided one half thereof to her for and during her natural life, and thereafter to the issue of her body forever, and failing such issue at the time of her death to Mrs. Middlecoff. Mrs. Middlecoff, in the year 1904, quitclaimed her interest in this undivided half to Mrs. Cronise. The other undivided half of the San Francisco property was conveyed on the same day by Mrs. Hubbard to Mrs. Middlecoff for and during her natural life, and thereafter to the issue of her

body, and failing such issue to Mrs. Cronise, who, in the year 1904, quitclaimed her interest therein to Mrs. Middlecoff. Shortly before the commencement of this action, Mrs. Middlecoff conveyed to her two minor children an undivided one one-hundredth of said property.

The whole of the·San Joaquin property was conveyed by Mrs. Hubbard to Mrs. Middlecoff for her life and thereafter to the issue of her body, and in case issue should fail, then from the death of Mrs. Middlecoff to Mrs. Cronise, and Mrs. Cronise, in the year 1904, quitclaimed all her interest therein to Mrs. Middlecoff.    Shortly before the commencement of this action, Mrs. Middlecoff conveyed to her two minor children an undivided one one-hundredth thereof.

The Los Angeles property was originally owned by one Lillie Volmer, who, on August 22, 1907, conveyed it to Mrs. Middlecoff for her life, and thereafter to the issue of her body, and failing such issue, from the time of her death to her husband, W. W. Middlecoff, who has quitclaimed his interest to Mrs. Middlecoff. A conveyance of an undivided one third of this property has been executed by Mrs. Middlecoff to her two minor children.

The above stated facts are shown by the allegations of the complaint. The complaint thus shows by specific averments that Mrs. Cronise neither has nor ever had any interest whatever in the property situated in the county in which this action was brought, and that she acquired her undivided interest in the San Francisco property from the then owner of the whole property in severalty, except in so far as she subsequently acquired some interest under the quitclaim deed of Mrs. Middlecoff, who was not, at the time of the execution thereof, the owner of any interest in the Los Angeles property. It further shows that Mrs. Cronise is in no way interested in the San Joaquin property.

Mrs. Cronise and her husband demurred to the complaint upon the grounds among others, 1. That the court has no jurisdiction of the subject of the action in so far as it purports to affect them or either of them; 2. That the complaint does not state facts sufficient to constitute a cause of action against them or either of them; and, 3. That several causes of action have been improperly united in said complaint in this: That a cause of action against them for the partition of a

tract of land situated in the city and county of San Francisco and in which alone they or either of them or their predecessors or grantors are alleged to have had or have any interest, is improperly united with a cause of action solely between Mr. and Mrs. Middlecoff and their minor children for the partition of the tracts situate in the counties of Los Angeles and San Joaquin. A demurrer was also interposed on behalf of the minor defendant upon the same grounds. These demurrers were sustained by the trial court, and, plaintiff declining to amend, judgment dismissing the action was entered. This is an appeal by plaintiffs from such judgment.

It is thoroughly established that partition may be had in one action of two or more tracts or parcels of land, and the fact that such tracts are situated in different counties cannot affect this right, the action being maintainable in such a case in any county in which a part of the property is situated. (See *Murphy* v. *Superior Court,* 138 Cal. 69, [70 Pac. 1070].) Where a complaint is filed looking to the partition of two or more tracts of land which may be partitioned in one action, it states, of course, only one cause of action, as is claimed by plaintiffs for the complaint before us asking for the partition of three several tracts of land. The difficulty with this complaint, however, is that the cotenancy between all the alleged cotenants exists only as to one of said tracts, only a portion of them being interested in either of the other two tracts. It appears to be the well-settled rule that, with the exception to be hereinafter stated, while two or more parcels of land may be the subject-matter of a single proceeding for partition, even though the interest of each cotenant is not the same in each parcel, in order to justify such union in one suit each parcel of land must be owned by the same persons. The matter was stated by the supreme court of Massachusetts as follows: "The question now raised is this: Can a petitioner who holds two parcels of land in different proportions, one as cotenant with A, and the other as cotenant with A, B and C, have judgment for partition of both, on one petition? And we have no doubt that he cannot. Nor could he, even if he owned the same proportional part in each parcel. If he holds with *the same cotenant* or cotenants, different parcels, in different proportions—as half of one and two thirds of another—he may have partition of both on one petition. In

such a case there would be no misjoinder. But by the amendment which this petitioner has made of his petition, there is a misjoinder which must defeat him. The holder of a note against A, and also a note against A, B and C, might as well bring one action on both notes, and recover judgment thereon." (*Hunnewell* v. *Taylor,* 69 Mass. 111. See, also, Freeman on Cotenancy and Partition, sec. 437; *Reckefus* v. *Lyon,* 69 Md. 589, [16 Atl. 233, 530]; *Appeal of Small,* (Pa.) 15 Atl. 767; *Herman* v. *Kelley,* 14 Ohio, 502, [45 Am. Dec. 552]; *Brownell* v. *Bradley,* 16 Vt. 105, 42 Am. Dec. 498]; *Pankey* v. *Howard,* 47 Miss. 83; *Kitchen* v. *Sheets,* 1 Ind. 138; *Smith* v. *Pratt,* 13 Ohio, 549.)

The exception to this rule is one based on the universally accepted doctrine that one cotenant cannot by a conveyance of his interest in a portion of the property held in common, etc., prejudice the rights of his cotenants. The grantee or successor of such a cotenant simply steps into the shoes of his grantor, subject to all the rights of the other cotenants and their successors as to partition. For all purposes of partition, the whole property originally held in common by the cotenants, whether consisting of one or any number of parcels, continues to be a unit—the subject-matter of a single action, just as if no change in the ownership of any interest therein had occurred, and in such action the respective rights of all the parties interested, original cotenants, and successors, may be determined. In such a case, a necessary party defendant may be a cotenant only as to one of the parcels involved, and the fact that he is not interested in the other parcels is no ground of objection to the joinder in one action of the various parcels of land. In such a case there is but one cause of action stated, the partition of a single lot of real property originally held in common, and, for all the purposes of the proceeding, still so held. (See Freeman on Cotenancy and Partition, secs. 196, 199, 203, 465.) Numerous cases sustaining the joinder of different parcels under these circumstances are to be found in the books, but we have been cited to no case and we have seen no case, where such a joinder has been sustained unless the common source of title was a cotenancy as to all the property involved. This is true of the California cases, including *Gates* v. *Salmon,* 35 Cal. 576, [95 Am. Dec. 139], a case much relied on by plaintiffs. The case

of *Harlan* v. *Langham*, 69 Pa. St. 237, was of this character, being as stated by the court "the case of an original tract held in common, but which one of the tenants in common has carved out into parcels, and conveyed them in severalty." The claim was made that these grantees must each be proceeded against severally for the tract or parcel of land of which he is a tenant, and that one action would not lie, but the court held that if the defendants are tenants of the same original tract with the plaintiffs, there is no rule or principle which requires that they should be tenants in common among themselves. The conclusion was expressly based on the doctrine that a cotenant could do no act to the prejudice of his cotenants, and *Gates* v. *Salmon*, 35 Cal. 576, [95 Am. Dec. 139], was approvingly cited on this point. The court said: "Of course this principle must be held applicable only where there has been an original tract held in common, and not to the case of several tracts so held, under different grants." The exception is thus based on the theory that for the purposes of partition, all the property originally held in common constitutes a unit, a single aggregation of property, regardless of subsequent changes in ownership of interests in portions thereof.

No such theory can obtain, however, where *all* the property sought to be partitioned is not and was not originally held in common by all the cotenants of the various parcels or their predecessors in title. Between the property so held and that not so held there is no such unity of title and tenancy as authorizes the joinder of both in the same proceeding. (*Pankey* v. *Howard*, 47 Miss. 83.) The inclusion of property not so held with that so held is the statement of a second cause of action relating to a different subject-matter. It was said by the supreme court of Maryland, after citing authorities: "All these authorities hold that it is a misjoinder to include in one proceeding for partition real estate owned jointly by A and B, and also real estate owned jointly by A, B and C. The reason why this should not be done, they say, is obvious. C has no interest whatever in the lands held jointly by A and B, and he therefore cannot properly be made a party to their controversies, and made to bear the burden of any part of their costs. In such a case, also, there must be two separate decrees against different parties, and relating

to different subject-matters, which is manifestly improper. We think, therefore, that there should have been two separate suits in this case, one for the partition of the lands held in common by Andrew and George T. Lyon, and the other for the partition of the lands held by said Andrew, George T. Lyon, and J. Thompson Frieze." (*Reckefus* v. *Lyon,* 69 Md. 589, [16 Atl. 233, 530].) As suggested by the Massachusetts supreme court, there is no more legal support for such a joinder in one action than there would be for a joinder of a cause of action on a note held by the owner against A, with a cause of action on another note held by the same owner against A, B, and C.

Our statute relating to partition contemplates no such joinder. The "real property" referred to in section 752 of the Code of Civil Procedure, as to which an action for partition may be brought, is the real property as to which such unity of title exists as authorizes a single action under the rules we have discussed. That the rights of adverse occupants of the land sought to be partitioned may be put in issue, tried, and determined, as is held by this court (see *Adams* v. *Hopkins,* 144 Cal. 19, 29, [77 Pac. 712], and cases there cited), and by the New York court of appeal (see *Saterlee* v. *Kobbe,* 173 N. Y. 91, [65 N. E. 952]), does not affect the question. Where the requisite unity of title as to the cotenants exists, the claims of any and all persons adverse to the cotenants in regard to the property may be determined in the action, in order to settle all controversies to the title in one action and equitably apportion the property of the defendants. Such a determination of adverse claims is merely incidental to the main purpose of the action, the partition of the property held in cotenancy. It is suggested by learned counsel for plaintiffs that this action may be regarded as an action for partition against the defendant minor only for the partition of the Middlecoff interests, and that Mrs. Cronise is a necessary party only in the sense that her presence is essential to do complete justice among the Middlecoffs. There is, of course, nothing in this. So far as Mrs. Cronise is concerned, the action is one solely for the partition of land as to part of which she is a cotenant.

The complaint contains certain allegations which counsel claims make the action something more than an action for partition; it being one, as he puts it, "to enable the plaintiffs to

get some remedy from the condition which has arisen by virtue of the San Francisco fire, which leaves the life tenants of vacant property without remedy except in a court of equity." The theory appears to be that it is essential to the protection of the Middlecoff interests that those interests in all three parcels of land should be settled in one action, wherein the proceeds of a sale of the Los Angeles property and the San Joaquin property may be devoted to the improvement of such portion of the San Francisco property as is finally set off to the Middlecoffs. We see nothing in the additional allegations that makes the action other than one primarily for a partition, the other matters alleged going simply to the relief that is to be given in the adjustment of the interests of the Middlecoffs among themselves, in the event of a partition being had. Nor, if the object of the joinder be as stated, and such object can be attained in a single action involving all the three parcels of the Middlecoffs, and in a single action only, are the plaintiffs without remedy. They may have the San Francisco property partitioned in a single proceeding in which a part of the property may be assigned in severalty to the Cronise interests, and the other part to the Middlecoff interests, and this having been done, they may bring their single action, including the San Joaquin and Los Angeles properties, and the Middlecoff portion of the San Francisco property.

We are satisfied that the Cronise demurrer on the ground of misjoinder of causes of action was well taken. There is nothing in the claim that the demurrer was not sufficiently specific in this regard. No brief has been filed in support of the ruling sustaining the demurrer of the defendant minor. We are of the opinion, however, that, on the case as stated in the complaint, the objection of misjoinder was available to him.

The judgment is affirmed.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

A rehearing was denied on March 11, 1909, and the following opinion was then rendered:—

THE COURT.—The petition for a rehearing is denied. Petitioners ask that if the rehearing be denied, the affirm-

ance of the judgment be made without prejudice to the right of plaintiffs to commence a new and separate action for the partition of the Los Angeles and San Joaquin properties, and the San Francisco property. The judgment of affirmance in no way affects plaintiffs' rights in that regard, and no such qualification thereof is essential.