EMILY W. NEWELL *vs.* DANIEL L. WILLMARTH.

JUNE 29, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Dower. Partition. Assignment by Metes and Bounds.*

A dowress, who has had a portion of the premises assigned and set off to her

by metes and bounds, by a Probate Court, is neither a "tenant in common, joint tenant, or coparcener" with the sole owner of the fee, and hence is not, within the provisions of Gen. Laws, 1909, cap. 330, § 4, entitled to compel partition of the premises.

Such an estate is a life estate in severalty in the entire premises included within the metes and bounds, and when assigned and accepted by a dowress, there has been in effect a partition so far as her rights are concerned.

(2)   *Partition.   Of What Estates.*

Gen. Laws, 1909, cap. 330, § 4, contemplates the existence of estates held as "tenants in common, joint tenants, and coparceners" before partition can be ordered or a sale made.

(3)   *Partition at Law or in Equity of What Estates.*

*Semble:* Gen. Laws, 1909, cap. 330, § 20, "Of partition at law or in equity,' refers only to persons holding different shares of the same estate, and not to those holding estates in severalty in the premises.

BILL IN EQUITY for partition. Heard on appeal of respondent, and sustained. Bill to be dismissed.

BLODGETT, J. The complainant's bill alleges that she is the widow of William E. Newell, late of Pawtucket in said county, deceased, who died July 24th, 1907; that the Probate Court of the city of Pawtucket, on the sixth day of May, A. D. 1908, assigned and set off to her, by metes and bounds, as her dower right in the land of the respondent that certain tract or parcel described in her bill of complaint; that she is actually seized and possessed of an estate for life in said premises; and that the respondent is the sole owner in fee of the remainder of said premises.

The complainant prays:

1. For the partition of said premises according to the respective rights and interests of the parties interested therein.

2. For a sale thereof, if it shall appear that a partition can not be made without great prejudice to the owners thereof, and that the proceeds be brought into court and divided among the parties according to their respective rights and interest; and

3. For such other and further order, judgment or relief as the case may require.

On January 18, 1910, a hearing was had in the Superior Court, testimony taken in part, the respondent then ad-

mitting the allegations of the complainant's bill to be true. The testimony shows among other things that the land described in the bill of complaint is unimproved land.

On February 19, 1910, a decree was entered ordering a sale of said premises, the net proceeds of said sale, after the payment of expenses as allowed by court, to be placed on deposit in the Pawtucket Institution for Savings, which is appointed trustee to hold said net proceeds during the lifetime of the complainant and to pay to her the income of said net proceeds semi-annually during her natural life, and after her death to pay the principal to the respondent, his executors, administrators and assigns.

The respondent appeals to this court on the following grounds:

1. That complainant was not entitled to the relief prayed for.

2. That decree is against the evidence and the weight thereof.

3. That decree is against the law.

4. That decree is against both the law and the evidence.

(1) We are of the opinion that such a dowress is neither a "tenant in common, joint-tenant, or coparcener" with the sole owner of the fee and so, within the provisions of § 4, cap. 330, Gen. Laws of 1909, viz.: "All joint tenants, coparceners and tenants in common, who now are or hereafter may be actually seized or possessed of any estate for life or years in any land, tenements or hereditaments, in their own right or in the right of their wives, with others who have estates of inheritance in possession in the same lands, tenements, and hereditaments, may compel or be compelled to make partition of such lands, tenements and hereditaments, to continue until the estate of some of the parties shall determine, and no longer, by writ of partition."

The estate she has in the premises in question is a life estate in severalty in the entire premises included within the metes and bounds established by the decree of the Probate Court assigning her dower, and has been assigned to her and accepted by her in extinguishment of her right of dower in all the re-

mainder of her husband's real estate.   If dissatisfied therewith, the statute provides a method for a review of the action of the Probate Court.   But when she accepts such estate in a definite tract, in lieu of and in satisfaction of a life interest in one-third of the rents and profits of the entire real estate of her husband in which she was dowable, she has in effect already had a partition thereof so far as her rights as complainant are concerned; and has received all that to which the law entitles her as against the sole owner of the fee.

(2)   We are of the opinion that our statute contemplates the existence of estates held as "tenants in common, joint tenants, and coparceners" in the language above quoted before partition can be ordered or a sale made.

In Freeman on Cotenancy & Partition, the law is thus stated: Sec. 431.   "It is in all cases essential that the plaintiff have a title to an undivided interest in the land which he seeks to have partitioned and that the defendant's interest be also an undivided one."   Sec. 432:   "The same reason which, before the assignment of her dower exempts a widow from the operation of the law of compulsory partition, operates with equal force after such assignment has been made.   Notwithstanding the assignment vests in her a present estate it does not make her a cotenant with the heirs of her husband."   The text is supported by adjudicated cases.   Thus, as to the necessity that the plaintiff shall have an undivided interest in the premises, it was held in *McConnel* v. *Kibbe*, 43 Ill. 12, 18, as follows:   "Portions of the premises particularly described belong in severalty to each of these parties, and no portion of it jointly to both. They have a common property in the easements and walls, but no such interest as is susceptible of division under our statute regulating the partition of estates, or under any proceeding known in courts of equity, for they parcel out such estates only as are held jointly, in common or in coparcenary.   .   .   .

We are satisfied neither a court of law nor equity has jurisdiction over the case as presented by these pleadings, and accord with appellee in the proposition that no power exists to compel the fusion of these estates, to be followed by a sale and

finally by a distribution of the proceeds. The idea of the plaintiff in error that he and the defendant in error hold this property jointly, is not supported by the title deeds. They are neither joint-tenants, tenants in common nor coparceners, but they severally, each for himself, own distinct parts and portions of the premises, the character of which a court of chancery has no power to change." This case was affirmed in *Stevenson* v. *Bachrach*, 170 Ill. 253 (1897).

In *Clark et al.* v. *Richardson et al.*, 32 Iowa, 399, 401, a case similar to the case at bar was reversed and it was held that a proceeding for partition brought by several heirs against the widow, whose dower had been assigned by metes and bounds, could not be maintained: "It is to be observed in this case that the widow's dower had been assigned before the institution of the partition proceedings. Whatever was the nature of the widow's tenancy before admeasurement of dower, from that time she did not hold any part of the premises as joint tenant or tenant in common with the other heirs. By the assignment of dower she became seized in severalty of the part assigned, and entitled to its possession. Whence then is derived the authority to cast the portion thus severed again into a common tenure, and, against the will of the widow, to compel her, in lieu of the possession of the lands assigned, to accept the interest upon the avails of their sale? Is it competent for the heirs to select their own time, it may be a season of great commercial embarrassment, for a partition and judicial sale of the premises, and to become themselves the purchasers of the widow's dower, under circumstances the most unfavorable for its sale? If such be the law, it must rest upon controlling reasons of necessity and policy, which have never suggested themselves to our minds, and to which our attention has not been directed in the argument of appellee. The provisions, with reference to the admeasurement of dower, would possess little utility if each heir can, at his own election, and in his own appointed time, undo that which has been formally done.

"The hardships and inconveniencies which would flow from such a construction of the law are too numerous to be men-

tioned, but they will readily suggest themselves to the legal mind.

"In New York it has been held that the widow is not included in the description of joint tenant, tenant in common or co-parcener, and that, even *before* assignment of dower, she cannot be affected by partition proceedings. *Bradshaw* v. *Callaghan*, 8 Johns. 435; *Coles* v. *Coles*, 15 *id.*.319. It is not necessary that we should go to that extent in this case.

"It is clear to us that if any tenancy in common exists *before* assignment, it does not exist after assignment. And, as a consequence of the destruction of the common tenure, it follows that the lands assigned as dower cannot be partitioned among the heirs, even upon their paying the widow the interest upon its value.

"She has a right to the enjoyment of the specific property assigned her, and cannot be compelled, against her will, to exchange it for other.

"Reversed."

(3)   Whether such a proceeding could be maintained under § 20, cap. 330, Gen. Laws, 1909, need not now be considered, inasmuch as that section of the statute clearly refers only to persons holding different shares of the same estate, and not to persons who, as here, hold estates in severalty in the premises.

Section 20, *supra*, is as follows: "Partition, either at law or in equity, may be made of any land, tenements or heredita-ments between the person or persons who hold the fee of any share or shares thereof, and the person or persons who hold or are or may be entitled to any share or shares thereof, for life or in reversion or remainder, and whether such remainder be vested or contingent, and whether it be to persons in being and ascertained or to persons not in being or to be ascertained thereafter, or subject to be opened to let in those afterwards to come into being or having other interests whatsoever vested or contingent therein: *Provided*, that all persons in being at the time of the commencement of the suit for partition, interested in the estate, be made parties to the proceedings and their title or interest fully shown upon the record by the pleadings; *and*

*provided also,* that before final judgment or decree for partition or sale in any such case the court shall appoint some discreet person to represent the interest of persons, if any, not then in being, whose reasonable charges, as allowed by the court, shall be taxed in the costs and be a charge upon the share or shares of the estate in which such parties not in being shall or may be interested."

And in *Russell* v. *Beasley,* 72 Ala. 190, it was determined as follows: "The evidence fails to show any estate in *common* between the complainants and the defendant in suit, either by way of a joint tenancy, or a tenancy in common. It avails nothing to prove title to a *distinct portion* of the land proposed to be partitioned, for the essence of the estate in common, necessary to be here shown, is that the tenants should 'own undivided parts, and occupy promiscuously, because neither knows his own severalty.'—Walker's Amer. Law (5th Ed.) p. 311."

Again, in *Pankey* v. *Howard,* 47 Miss. 83, 87, it was held: "The joint tenancy must attach to the particular lands proposed to be sold, and a sale must be more advantageous to the tenants than a partition. If there be several distinct, separate parcels, each must be held by the same tenants, as coparceners, joint tenants or tenants in common. If they would not be entitled to partition, of a particular tract, neither could they or any of them, demand a sale: for the right to sell rests upon the superior advantage of a distribution of the money, produced by a sale, to a partition of the land itself." And see *White* v. *White,* 16 Gratt, 264, 268.

*A fortiori* the sale of the fee should not be ordered in this case at the instance of the dowress.

In *Shaw* v. *Beers,* 84 Ind. 528, cited by the complainant and by the trial justice in the rescript filed, dower had not been assigned, and the widow appears to have been dowable only in an undivided part of the land, in which there were several heirs cotenants. *See Tower* v. *Tower,* 141 Ind. 223, 225.

The cause will be remanded to the Superior Court with direction to enter a decree dismissing the bill.

*Thomas P. Corcoran,* for complainant.

*James E. Brennan,* for respondent.