[L. A. No. 1254.  In Bank.—December 16, 1902.]

FRANK L. MURPHY et al., Executors, etc., et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

PARTITION—VENUE—DISTINCT PARCELS IN DIFFERENT COUNTIES.—An action for the partition of distinct parcels of land, situated in different counties, between tenants in common who derive their title from the same source, may be properly brought in any county in which any portion of the land is situated.

ID.—DEFINITION—"REAL PROPERTY."—The term "real property," used in the code, or "real estate," used in the constitution, is broad enough to include several distinct parcels of land, as well as one entire tract, and is equivalent to the phrase "lands, tenements, and hereditaments."

PETITION for writ of prohibition to the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, for Petitioners.

Bicknell, Gibson & Trask, Percy R. Wilson, and Charles Monroe, for Respondent.

VAN DYKE, J.—This is prohibition to restrain the said superior court of Los Angeles County from proceeding in an action for partition therein pending to partition or determine the title to a separate and distinct tract of land situated within the county of San Diego, known as the Warner Ranch. The action of partition referred to was brought by J. Downey Harvey, plaintiff, *v.* Frank K. Murphy and Edward R. Dyer (as executors of the last will of Winefride Martin, deceased), Eleanor Martin, Peter D. Martin, Walter S. Martin, and Genevieve Martin. Afterwards the Reverend James Gibbons, Roman Catholic Archbishop of Baltimore, a corporation sole, devisee under the will of Winefride Martin, deceased, appeared and answered in the action. The action involved a number of separate parcels of land situated in the counties of Los Angeles, San Bernardino, Riverside, and San Diego. It appears that all the parties to said partition suit, plaintiff and defendants, derive title from the same source,— to wit, heirs and distributees in the matter of the estate of John G. Downey, deceased.

Petitioners base their right to a writ of prohibition upon the provision contained in section 5 of article VI of the constitution, to the effect "that all actions for recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions is situated." This constitutional provision does not in terms include the action of partition, although the code, which was in existence at the time of the adoption of the present constitution, does include such action. (Code Civ. Proc., sec. 392.) Partition in this state is a special statutory proceeding. All the parties, both plaintiff and defendant, are actors. (*Ryer* v. *Fletcher Ryer Co.*, 126 Cal. 483.) Petitioners contend, however, that partition involves a question of quieting the title to real estate, and therefore falls within the provision of the constitution. If this be conceded, it does not, however, solve the case in favor of the petitioners. It would simply place partition in the same category with actions for the recovery of the possession of,

quieting title to, or for the enforcement of liens upon real estate, which are authorized by the constitution to be commenced in⁵ any county in which a part of the real estate affected by the action may be situated. And they further contend that there must be only one tract of land, or contiguous tracts, in order to be embraced in one and the same action. This, however, is not the language either of the code or the constitution. The code uses the term "real property," and the constitution the term "real estate," and either of these terms, in its popular as well as legal acceptation, is broad enough to include several distinct parcels of land as well as one entire tract. "In this country, both by statute and common law, the term 'real estate' is generally used for the phrase, 'lands, tenements, and hereditaments.'" (19 Am. & Eng. Ency. of Law, 1st ed., p. 1030; 2 Bouvier's Law Dictionary, p. 422.) As section 5 of article VI of the constitution was reported to the convention from the committee of the whole, it did not contain the provision relied upon by petitioners; it was inserted by way of amendment, for the purpose, as the debates show, to make permanent the law as it then stood, and prevent any change by the legislature in that respect. As one member remarked, "The amendment will only be according to that which has been the statute law heretofore." (Debates Constitutional Convention, p. 1334.) The provisions in both the constitution and the code were evidently intended to obviate a multiplicity of actions where the whole matter in controversy could be determined much better in one. Conceding that the action of partition, as petitioners claim, affects the title to the real estate, and is therefore included in the constitutional provision, it then stands on the same footing as the action to enforce liens upon real estate under the code. It frequently occurs that a mortgage or trust deed, executed to secure an indebtedness, embraces several tracts of land lying in different counties, and in such case they must all be embraced in one action, as it is declared by the code that there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate. (Code Civ. Proc., sec. 726.) And it has been uniformly held by this court that unless the creditor in his action includes all the property on which there is a lien to secure the debt, he waives the lien as to the property

not included in the action (*Mascarel* v. *Raffour*, 51 Cal. 242; *Commercial Bank* v. *Kershner*, 120 Cal. 495; *Stockton Sav. and Loan Society* v. *Harrold*, 127 Cal. 612; *Newhall* v. *Bank of Livermore*, 136 Cal. 533), and cannot bring a separate action to enforce a lien thereon. The case of *Goldtree* v. *McAllister*, 86 Cal. 93, relied upon by petitioners, decides nothing contrary to this rule. It was there on rehearing finally decided that an action for foreclosure of a mortgage may be commenced and tried in any county in which any part of the mortgaged property is situated. In that case the action of foreclosure was in the county of San Luis Obispo, the land lying in that and Kern County. In the opinion, however, it was said that "a piece of mortgaged land may be partly situated in several different counties. . . . In such case it would be very inconvenient and unnecessarily expensive to require each part of the land to be separately sold and conveyed by the sheriff of the county in which it is situated. Besides, it would generally turn out that the sum of the value of all the parts thus sold would not equal the value of the undivided whole. These considerations strengthened the construction permitting the mortgage to be completely foreclosed in any one of the counties in which any part of the mortgaged property is situated." It is not decided, however, that separate tracts of land embraced in the same mortgage could not be foreclosed in the same action. On the contrary, as already stated, the law is, there can be, in such case, but one action. And the rule for the enforcement of liens upon real estate applies with equal force to an action brought to partition real property. It may frequently occur, as in this case, that tenants in common own and are possessed of real property consisting of several distinct parcels or tracts of land, and situated in different counties. The superior court is a court of general common-law and equity jurisdiction, as declared in the section of the constitution referred to, and its process extends to all parts of the state. There can be no reason, therefore, why the whole matter in controversy cannot be heard and determined in the one action, instead of being compelled to bring a separate suit in each of the counties in which a part of the real estate is situated. Any other course would lead to much more absurd consequences than petitioners imagine will result unless their theory of the

law is sustained. Besides, the court in which any such action is brought is expressly given the power to change the place of trial as in other cases, and thereby any hardship or inconvenience that might otherwise arise may be avoided.

Writ denied.

Harrison, J., Garoutte, J., McFarland, J., and Henshaw, J., concurred.