# King et al. *v.* Ambrose, Appellant.

*Partition—Jurisdiction—Real estate located in several counties—Erroneous finding of jurisdictional facts—Evidence to overcome responsive answer.*

1. Under the provisions of the Act of February 20, 1854, P. L. 89, relating to proceedings in partition, "that when such a proceeding is intended to embrace lands in more than one county, it shall be brought only in the county . . . . where the larger part of the decedent's estate in value shall be situated," the court of one county has no jurisdiction of a bill of partition of real estate situated in part in the county where the court's finding that at the time the petition was filed the larger part of the lands, both in quantity and value was situated within its county was not only not supported by the measure of proof required in equity practice to overcome a sworn responsive answer to the jurisdictional averments of the bill, but was clearly erroneous in view of the documentary evidence in the case, by which it appears that 2,018 acres, valued at $8,050 were situated in another county, and only 1,417 acres, valued at $7,450, within the county in which the petition was presented.

*Appeals—Equity rule 92—Statement of errors.*

2. Failure to file in the court below a statement of errors required by equity rule 92 is not necessarily fatal to an appeal, and the filing of such a statement may be allowed nunc pro tunc where the filing will impose no hardship on the other party.

Argued May 8, 1911. Appeal, No. 37, Oct. T., 1911, by Ida Reamer Ambrose for herself, and as committee, etc., from decree of C. P. Somerset Co., Equity Docket, 1907, No. 7, making partition in case of E. Lawrence King and Alexander King, Jr., v. Ida Reamer Ambrose, for herself and as committee of Mary Kerns Reamer. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Bill in equity for partition of lands in Somerset and Bedford counties. Before KOOSER, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in holding that the court had jurisdiction.

*J. H. Longenecker*, with him *F. W. Biesecker*, for appellant.—The court had no jurisdiction: Doyle v. Brundred, 189 Pa. 113; Phillips' Est., 19 Phila. 148; White's Est., 3 Pa. Dist. Rep. 42; Eyerman v. Detwiller, 136 Pa. 285.

*Alexander King*, for appellee, cited: Wistar's App., 105 Pa. 390; Sanders's Est., 41 Pa. Superior Ct. 77.

OPINION BY MR. JUSTICE BROWN, July 6, 1911:

Counsel for appellants frankly admit that the failure to file in the court below the statement of errors required by equity rule 92 was due to their oversight, and, as the filing of such statement nunc pro tunc will impose no hardship on the appellees, the motion to so file it made May 8, 1911, is now allowed as of that date, and the motion to quash the appeal is dismissed. The failure to file the statement was not necessarily fatal to the appeal: Barlott v. Forney, 187 Pa. 301.

This bill was for the partition of lands belonging to the estate of Abraham Kerns, situated in Bedford and Somerset counties. He died many years ago, and at the time of his death his domicile was in Bedford county, where the larger part of his estate in value was situated. The bill was filed in the county of Somerset on May 9, 1907, under an averment in it that at that time the larger part of the estate of the deceased in value was situated in that county. This averment in the bill was specifically denied in the answer, and the defendants affirmatively averred that at that time by far the greater part of the estate, in quantity and value, was situated in Bedford county. This responsive answer to the jurisdictional averment in the bill was not overcome by the measure of proof required in equity practice, but the court below nevertheless found that of the lands of the decedent remaining unsold and described in the bill, the larger part, both in quantity and value, was situated in Somerset county.

The requirement of the Act of February 20, 1854, P. L. 89, relating to proceedings in partition, is that when such a proceeding is intended to embrace lands in more

than one county, it shall be brought only in the county where the decedent whose land is to be divided had his domicile, or where the homestead or larger part of his estate in value shall be situated. Whether the court below would have had jurisdiction if, as a matter of fact, the larger part of the estate of the decedent in value was situated in Somerset county at the time the bill was filed, without regard to where the larger part of it in value was situated at the time of his death, is a question that we need not now determine, for the finding of the court below, that at the time the bill was filed the larger part of the lands, both in quantity and value, was situated in Somerset county was not only not supported by the necessary proof, but was clearly erroneous, in view of the documentary evidence in the case. To the report of the master making partition there is attached a draft, the accuracy of which was not questioned before us by the appellees. According to it only one tract—the John Check tract, containing $400\frac{1}{4}$ acres—is situated wholly in Somerset county. Of the remaining nine, two, containing $800\frac{1}{4}$ acres, are almost entirely in Somerset county. These three tracts were valued by the master at $6,700. Five of the tracts (including the Snake Spring Township tract, which is not on the draft), containing $1,801\frac{1}{2}$ acres, and valued by the master at $7,300, are situated in Bedford county. The remaining tract, known as the George Smith tract, and containing 433 acres, is located in both counties, about half of the tract being in each. Its total value as fixed by the master was $1,500. It thus appears that 2,018 acres, valued at $8,050, were situated in Bedford county at the time the bill was filed, and only 1,417 acres, valued at $7,450, in Somerset county. Neither at the time of the death of the decedent nor when the bill was filed was the larger part of his estate, in value, situated in Somerset county, and its court of common pleas had, therefore, no jurisdiction of the bill filed.

The first assignment of error is sustained, the decree is reversed and the bill dismissed at appellees' cost.