Grafton, }
Dec. 3, 1929. }

ELIZABETH B. McCAULEY v. ROSE B. BROOKS & a.

*James M. Rosenblum*, for the plaintiff.

*Owen & Veazey*, for the defendants.

PEASLEE, C. J. Counsel on both sides are agreed that under the provisions of Public Laws, chapter 354, section 2, the petition properly includes all the lands in the state held by the parties as tenants in common. The manifest intent of the statute is that county lines shall not divide jurisdiction in partition proceedings. The proceeding may be brought "in the county in which the estate or any part thereof lies." *Ib.* If the lands were all in Grafton county, no one would doubt the propriety of including all the parcels in one petition. It was not the purpose of the statute to put the parties to the expense and inconvenience of separate proceedings where separate parcels, all parts of one estate, lie in different counties.

The provision that "the partition so made shall be recorded in the registry of deeds for the county where the real estate lies" (P. L., *c.* 354, *s.* 14), of course requires a record in each such county.

Counsel are also in agreement that the transfer of "the questions raised by the pleadings" presents no question of law. There was neither a demurrer to any pleading, nor an exception to its sufficiency. It is the ordinary case of pleadings which seek to present for determination certain issues of fact. Such a record raises no question within the jurisdiction of this court.

*Case discharged.*

All concurred.