[Civ. No. 6264. Fourth Dist. Oct. 28, 1959.]

LOUISE A. HARTWICK, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent. MARIE L. BOWKER, Real Party in Interest.

Theodore R. Coomber for Petitioner.

Justin M. McCarthy, Deputy County Counsel, for Respondent.

Richardson & Henderson and Carl Cress, Jr., for Real Party in Interest.

GRIFFIN, P. J.—Petitioner (defendant in the trial court) seeks a writ of prohibition to stay proceedings in an action to foreclose a trust deed pending against her upon the grounds

*Assigned by Chairman of Judicial Council.

that the property involved did not lie within the State of California. There, plaintiff, Marie L. Bowker, brought an action to foreclose a trust deed. She alleged that the defendant failed to make the payments required by the promissory note which is secured by the deed of trust in question and that defendant did certain acts impairing the value of plaintiff's security. The trust deed provides that the plaintiff shall have the right to possession upon default. Apparently, from the record presented, the trial court determined that it had jurisdiction to grant plaintiff's request for a preliminary injunction and ordered defendant to surrender possession of the property to plaintiff pending the determination of the foreclosure action on its merits.

The trial court considered both oral and documentary evidence and concluded there was sufficient showing that the property involved, described as ''Being in Sections #1 and #2, Township 7 South, Range 23 East, San Bernardino Base and Meridian, surveyed by E. H. Imler, July, 1947,'' was located within the State of California and that it had jurisdiction. An employee of the Riverside County Planning Commission testified that he believed the property to be within Riverside County and that his agency exercised jurisdiction over it. According to the Riverside County tax records, real property taxes upon this land were paid to Riverside County by the defendant. It appears that the deed of trust signed by the defendant recites that the property is located in the State of California and the County of Riverside. It also appears that the Riverside County Health Department exercises jurisdiction over the property and licenses a trailer park and a food sale concession operated thereon. There is no evidence that the State of Arizona has ever attempted to exercise its sovereignty over the property.

It is not disputed that the property now lies on the west (California) side of the Colorado River south of Blythe, California. However, defendant put in evidence a plat map of a survey approved by the United States Surveyor General for California on December 28, 1874. This map indicates that part of section #2 of Township #7 South, Range 23 East, San Bernardino Meridian lies on the west or California side of the Colorado River. Section #1 is not located on this map but it might well appear therefrom that it would lie on the east (Arizona) side of the river. An acquaintance of the defendant testified that he had lived in the Palo Verde area for 50 years; that in 1922 a new channel was cut by artificial means east of

the old channel of the Colorado River, and the river was diverted and now runs in the new channel. He further testified that the property involved in this case was in Arizona before the channel was diverted. We do not deem it necessary to pass upon this question at this time. (25 Ops. Atty. Gen. 181.)

A foreclosure action must be commenced in the county in which the real estate affected or any part of it is situated. (Cal. Const., art. VI, § 5; *Murphy* v. *Superior Court,* 138 Cal. 69 [70 P. 1070].) Where part of the property is within this state and part is outside the state, the court may foreclose the property within the state. (*Title Ins. & Trust Co.* v. *California Dev. Co.,* 171 Cal. 173 [153 P. 542].)

It appears that there is sufficient evidence to support the implied finding by the trial court that it had jurisdiction of the proceeding insofar as it affected its authority to issue the orders here under consideration.

Issues decided upon a hearing of an order to show cause for a preliminary injunction may be reexamined at the final hearing. (*Trickey* v. *City of Long Beach,* 101 Cal.App. 2d 871 [226 P.2d 694] ; 27 Cal.Jur.2d [Injunctions] § 10.)

Order to show cause is discharged. Peremptory writ is denied. Order staying further proceedings dissolved.

Shepard, J., and Coughlin, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.