435 S.E.2d 910

**Sarah E. DOTSON, Plaintiff,**

v.

**Hugh M. COOK, Jr., et al., Defendants.**

No. 21503.

Supreme Court of Appeals of
West Virginia.

Submitted May 5, 1993.

Decided May 25, 1993.

Edward I. Eiland, Eiland & Bennett, Logan, for plaintiff.

John G. Sims, Logan, for defendant L.A. Browning.

James A. Walker, Logan, for defendant T.A. Toler.

MILLER, Justice:

The Circuit Court of Logan County, by order entered October 7, 1992, certifies the following questions to this Court:

"(1) Where tenants in common own separate tracts of land in Logan and Wyoming Counties, does the Circuit Court of Logan County in a civil action filed pursuant to West Virginia Code Section 37–4–1, have jurisdiction to order partition of not only the tracts in Logan County, but also the tracts in Wyoming County?"

"(2) If the answer to No. 1 is yes, then does the Circuit Court of Logan County have jurisdiction to decide questions concerning the status of the title to the Wyoming County Properties?"

The circuit court answered both questions in the affirmative. We agree, as explained below.

The underlying case, a partition action, arises from the death of William Thomas Cook, Jr., who died intestate in May of 1990. At the time of his death, Mr. Cook was a resident of Logan County, and his estate is being administered in Logan County. He owned three parcels of real estate, one situated in Logan County and the other two located in Wyoming County. The Logan County parcel is not contiguous to the Wyoming County parcels.

On February 27, 1992, Sarah E. Dotson, the plaintiff below and an heir to Mr. Cook's estate, filed the underlying complaint seeking partition of the three parcels. The complaint noted that the parcels could not be conveniently partitioned in kind because of the large number of heirs. (The complaint

names over fifty heirs, exclusive of spouses.) The complaint also noted that there was some question as to the title of one of the parcels located in Wyoming County.[1]

By order entered July 29, 1992, the Circuit Court of Logan County ordered the Logan County parcel sold and the proceeds, minus costs, distributed among the heirs. In regard to the two parcels located in Wyoming County, however, the circuit court stated that it would take time to consider whether it had jurisdiction to order partition of those properties. Thereafter, the circuit court certified the aforementioned questions to this Court.

■ Answers to the questions certified are controlled by the jurisdictional requirement mandated by W.Va.Code, 37–4–1 (1939), which states, in pertinent part:

"Tenants in common ... of real property ... shall be compelled to make partition, and the circuit court of the county wherin [sic] the land or estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title, that may arise in any proceedings."[2]

Thus, under our partition statute, W.Va. Code, 37–4–1, a partition suit may be filed in the circuit court of the county wherein the land or estate, or any part thereof, is located. The question that then must be answered in this case is whether the foregoing language covers the situation where the land to be partitioned lies in separate tracts in two different counties. Certainly, the foregoing language does not foreclose an interpretation whereby the circuit court of one county could partition all parcels, so long as one parcel is located in that county. To foreclose such an interpretation, the legislature would have used more precise language.

Indeed, other states with partition statutes similar to our own have concluded that when separate parcels are in two different counties, a partition suit may be brought in either county and that court will have jurisdiction to dispose of all parcels. The Supreme Court of New Hampshire in *McCauley v. Brooks*, 84 N.H. 207, 147 A. 898 (1929), interpreted its partition statute,[3] which read, like our own partition statute, that a partition action could be instituted "in the county in which the estate or any part thereof lies." 84 N.H. at 207, 147 A. at 898. The court stated that it was "[t]he manifest intent of the statute ... that county lines shall not divide jurisdiction in partition proceedings.... It was not the purpose of the statute to put the parties to the expense and inconvenience of separate proceedings where separate parcels, all parts of one estate, lie in different counties." 84 N.H. at 207, 147 A. at 898.

In *Roessner v. Mitchell*, 122 Md. 460, 463, 89 A. 722, 723 (1914), the Court of Appeals of Maryland interpreted a partition statute which provided that "if the lands lie partly in one county and partly in another, ... then such proceedings may be commenced in either county,"[4] and stated:

"We do not construe this language as it is construed by the appellant to apply only in those cases where the lands situated in the different counties are contiguous and together form one tract or parcel of land. The language used should be given a wider and more comprehensive meaning. The purpose of the statute was to avoid a multiplicity of suits and the costs and expenses of such suits. If the appellant's construction is to be placed upon the statute, it would apply only to a very small number of cases. In the great number of cases, where the lands in the different counties

1. The title question concerns whether Mr. Cook owned a fee simple interest in the Wyoming County parcel or whether he merely owned an undivided partial interest.

2. It would appear that the word "land" was inserted into W.Va.Code, 37–4–1, as a result of a 1939 amendment which expanded the types of estates that are subject to partition to include "minerals, and lessees of mineral rights other than lessees of oil and gas minerals."

3. N.H.Stat.Ann. c. 354, § 2 (1926).

4. Md.Code art. 16, § 87 (1912).

form separate and distinct tracts, proceedings would have to be instituted in each county in which the land is situated, which would be attended with much cost and expense. This we think was not the intention of the Legislature as expressed by the statute. In our opinion, the meaning of the language of the statute is that, if all the lands to be affected by the suit are not situated in one county ..., but some of them are in one county and some in one or more of the other counties, ... then such proceedings may be commenced in either county ... where any part of said land is situated[.]" 122 Md. at 463–64, 89 A. at 723.

Likewise, the Supreme Court of California in *Middlecoff v. Cronise*, 155 Cal. 185, 188, 100 P. 232, 234 (1909), stated:

"It is thoroughly established that partition may be had in one action of two or more tracts or parcels of land, and the fact that such tracts are situated in different counties cannot affect this right; the action being maintainable in such a case in any county in which a part of the property is situated. See Murphy v. Supreme Court, 138 Cal. 69, 70 Pac. 1070 [ (1902) ]." [5]

*See also Berry v. Berry,* 266 Ala. 252, 95 So.2d 798 (1957); *Murguiondo v. Hoover,* 72 Md. 9, 18 A. 907 (1889); *Clark v. Carolina Homes,* 189 N.C. 703, 128 S.E. 20 (1925).

*See generally* 59A Am.Jur.2d *Partition* § 107 (1987); 68 C.J.S. *Partition* § 68 (1950).

It is clear that the majority of jurisdictions interpreting partition statutes similar to our own conclude that such statutes allow a single action to be brought to partition lands held by the parties even though the property lies in more than one county.[6] Such jurisdiction is not based upon a finding that the lands so situated are contiguous or part of a single tract or parcel.

In all the foregoing cases, the partition suit sought the sale of the property rather than a partition in kind. A sale is also the relief prayed for in this case. In this situation we are aided by W.Va.Code, 55–12–1 (1923), our general statute relating to judicial sales, which contains, in part, the following language:

"A court, in a suit properly pending therein, may make a decree or order for the sale of property in any part of the State, and may direct the sale to be for cash, or on such credit and terms as it may deem best; and it may appoint a special commissioner or special receiver to make such sale." (Emphasis added).

We note that W.Va.Code, 37–4–3 (1957), relating to the procedures for determining whether the land in a partition suit is subject to an allotment in kind or a sale, specifically refers to the appointment of a special commissioner pursuant to W.Va.Code, 55–12–1.[7] As to this latter section, we recog-

---

**5.** In *Murphy v. Superior Court,* 138 Cal. 69, 70 P. 1070 (1902), the Supreme Court of California applied section 5, article 6 of the California Constitution to partition actions. That provision stated "that all actions for the recovery of the possession of, quieting title to, or for the enforcement of liens, shall be commenced in the county in which the real estate, *or any part thereof,* affected by such action or actions is situated." 138 Cal. at 70, 70 P. at 1070. (Emphasis added). The court interpreted "real estate," in both its popular and legal acceptation, to be "broad enough to include several distinct parcels of land." 138 Cal. at 71, 70 P. at 1070. The court went on to state: "The provisions in both the constitution and the Code were evidently intended to obviate a multiplicity of actions where the whole matter in controversy could be determined much better in one." 138 Cal. at 71, 70 P. at 1070.

**6.** On the other hand, states that do not have language in their partition jurisdiction statute stating that the action may be brought in the county wherein the land or estate, "or any part thereof," is located have interpreted their statutes strictly and held that separate actions must be brought in each county where separate parcels of land are sought to be partitioned. *See Pollard v. Jackson,* 204 Ala. 31, 85 So. 431 (1920); *Johnston v. Burton,* 202 La. 152, 11 So.2d 513 (1942); *King v. Ambrose,* 232 Pa. 617, 81 A. 714 (1911).

**7.** W.Va.Code, 37–4–3, provides, in relevant part:

"If any party to the suit refuses or is unable because of any disability, including but not limited to infancy, insanity and conviction of crime, to make, execute and deliver a deed or other instrument transferring title to the subject to the person or persons to whom the

nized in *Laidley v. Reynolds*, 58 W.Va. 418, 52 S.E. 405 (1905), which involved a suit to sell land under a judgment, that the Circuit Court of Kanawha County had jurisdiction over property located in Boone County because the debtor also owned property in Kanawha County. We made this rather cryptic statement: "Besides, having jurisdiction it has power to sell land in any county by the letter of [W.Va.Code, 55–12–1]." 58 W.Va. at 423, 52 S.E. at 408.

From the foregoing authorities, we conclude that both certified questions were correctly answered by the circuit court. Where the parties to a partition suit own separate tracts of land in different counties,[8] the circuit court in one of the counties has jurisdiction to order a partition by way of sale pursuant to W.Va.Code, 37–4–3, of both tracts of land.

Such a unitary procedure avoids the potential multiplicity of suits with the attendant possibility of differing results. Moreover, aside from obvious judicial economy, the parties will avoid the increased expense of a second suit. Our holding is limited to the facts of this case, i.e., the same parties seek partition by sale on several separate tracts in different counties.[9]

Having answered the certified questions, this action is, therefore, dismissed.

Certified questions answered and dismissed.

---

subject has been allotted, the court, or the judge thereof in vacation, shall appoint a special commissioner for the purposes of accepting the purchase money from the person or persons to whom the subject has been allotted, making, executing and delivering thereto a deed or other instrument therefor and distributing such purchase money according to the respective rights of those persons entitled thereto. The special commissioner so appointed shall give bond and be governed in all respects as provided in section one [§ 55–12–1], article twelve, chapter fifty-five of this Code."

8. At least one court has held that a single partition suit is *not* available where the parties owning the separate tracts are not the same. *Buschmeyer v. Eikermann*, 378 S.W.2d 468 (Mo. 1964).

9. We limit our holding to the facts of this case only because the parties did not discuss the possible ramifications of a partition in kind on a unitary procedure.