Crook *vs.* Pitcher.

(Decided 26th March, 1884.)

WILLIAM CROOK *vs.* THOMAS J. PITCHER.

*Local action — Private way — Highway — Obstruction — De-*
*murrer—Special damage.*

An action for obstructing a private way, or highway, must be brought in the county where the road lies, the cause of action being local.

Where the action is local and the suit is brought in another place, the defect must be taken advantage of by demurrer, but if the defendant do not demur, the defect will be cured by the Statute of Jeofails, (16 and 17 Charles II, chap. 8.)

To entitle a party to damages for obstructing a highway, he must show that he has suffered special damage, different not merely in degree, but in kind from that suffered by the community at large.

APPEAL from the Court of Common Pleas.

This action was brought by the appellee against the appellant to recover damages for obstructing a way which

the former was entitled to use, and also for obstructing a highway over which he was accustomed to travel. Both roads lay wholly in Baltimore County. The defendant demurred to the declaration. The Court (BROWN, J.,) overruled the demurrer, the only objection urged by the defendant being that the road, way or highway in the declaration mentioned, was not located or described with sufficient distinctness. At the trial of the case before the jury, Judge STEWART presided.

*Exception.*—The evidence on both sides being closed, the plaintiff asked the following instruction:

If the jury find from the evidence, that the road in question had been used immemorially, as a common highway for all persons and carriages having occasion at all times to pass over the same, and that the defendant obstructed the same by building a fence in the bed of said road, whereby the plaintiff was prevented from using the same, for the proper and legitimate uses of his farm, then the plaintiff is entitled to recover such damages as the jury, under all the circumstances, taking into view the motives of the parties as disclosed in the evidence, should think proper to allow.

The defendant offered the following prayers:

1. That the first count in the declaration is defective, and the verdict must be for the defendant on said first count.

2. That the jury, cannot find a verdict for the plaintiff, unless they find from the evidence, that the owners of the land over which the road in question is claimed, surrendered their right in the same, and abandoned it to the public, without claiming any control over the same as owners.

3. That the jury cannot find a verdict for the plaintiff, unless they find from the evidence, that for twenty years without interruption, the public has used the whole extent of the road from Bird River, to the public highway lead-

ing to Chase's Station, as mentioned in the declaration, adversely to the owners of the land over which the road runs, and without their consent, and in denial of their right to prevent such use by the public.

4. That the verdict must be for the defendant in this case, because the action is local, and ought to have been brought in Baltimore County.

The Court (STEWART, J.,) gave the instruction prayed by the plaintiff; and the plaintiff conceded the first prayer of the defendant; the Court granted the third prayer of the defendant, but refused his second and fourth prayers. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, and ROBINSON, J.

*William S. Bryan, Jr.,* and *John T. Ensor,* for the appellant.

*Fielder C. Slingluff,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The declaration contains two counts:—First count for obstructing a right of way belonging to the plaintiff; and the second for obstructing a highway used by the plaintiff in going to and coming from the post-office, markets, school, and hauling the produce from his farm, in consequence of which he was obliged to use a *longer and more circuitous road.* The way or road thus alleged to have been obstructed *lies in Baltimore County,* and the venue is laid and the suit is brought in the *Court of Common Pleas of Baltimore City.*

The first question arising on the demurrer, is whether the plaintiff had a right to sue the defendant in Baltimore City?—and this depends upon whether the cause of action is *local or transitory?*

Crook *vs.* Pitcher.

In the earlier history of the law, the plaintiff, it is well known, was required in all actions to state with the utmost certainty, not merely the county, but the particular district or hundred, within which the cause of action had arisen. This was necessary in order that the sheriff might summon as jurors, persons from the immediate neighborhood, who were presumed to be acquainted with the nature of the transaction, which they were called upon to try, and who were liable to be attainted, if they rendered a wrong verdict. This was soon found, however, to be extremely inconvenient, especially in mixed transactions which might happen partly in one place, and partly in another, and hence, arose the distinction between *local* and *transitory* actions. If the cause of action could only have arisen in a particular place, the action is local, and the suit must be brought in the county or place in which it arose. Actions for damages to real property, actions on the case for nuisances, or for the obstruction of one's right of way are according to all the authorities *local.*

On the other hand, actions for injuries to the person, or to personal property, actions on contracts, and in fact all actions founded on transactions, which might have taken place anywhere, are transitory. *Moslyn vs. Fabrigas, Cowp.,* 161; *Mayor, &c., of Berwick vs. Ewart,* 2 *W. Black.,* 1036; *Com. Dig. Action N.,* 12.

Where the action is local, and the suit is brought in another place, the proper mode of taking advantage of the defect is by demurrer, and unless the defendant demurs, the defect will be cured by the Statute of Jeofails, 16 & 17 Car. II. This was decided in *The Mayor, &c., of London vs. Cole,* 7 *T. R.,* 588, in which GROSE, J., said: "I admit that where an action of covenant is brought on a privity of estate, and not of contract, the action must be brought in the county where the land lies; if it be not brought there, the defendant must take advantage of

it before verdict, otherwise the defect is cured by the Stat. Car. II."

And again in *Mayor, &c., of Berwick vs. Ewart,* 2 *W. Black.,* 1070, where the cause of action arose in Berwick-upon-Tweed, and the venue was laid in Middlesex, to which the defendant filed a general demurrer, DE GREY, Chief Justice, said : "It is admitted that actions properly local must be laid in the proper counties; otherwise it is. ground of demurrer."

The distinction between local and transitory actions still exists in this State. Sec. 87 of Art. 75, in part codified from the Acts of 1801, ch. 74, and 1787, ch. 87, provides, it is true, that no one shall be sued out of the county in which he resides, unless he has been returned *non est* on a summons issued in that county, provided that the section shall not apply to ejectment, dower, &c. This latter clause, however, does not include all the actions excepted from the operation of the section. This is evident from. section 88, which provides that in trespass on real property, if the party committing the same, shall remove from the county where such property may lie, or cannot be found in such county, he may be sued in any county where he may be found, &c. *Patterson vs. Wilson,* 6 *G. & J.,* 499. An action for obstructing a way or highway being local,. the suit must be brought in the county where the road lies, and the demurrer ought to have been sustained.

It was further argued in support of the demurrer that the first count was bad, because the private way was not described with sufficient certainty. Now what is the description ? The plaintiff alleges he was seized of a tract of land situate in the Twelfth Election District of Baltimore County, called "Part of Arthur's Choice," and was entitled to a way from said "land, over a road adjoining the same, and running to the highway which leads from Chase's Station to the Philadelphia road, near the twelve mile stone of the county." The *termini a quo* and *ad quem*

are distinctly stated, and the count is in every respect substantially the one to be found in *Bullen & Leake's Precedents*, 429, and is, according to the authorities, a sufficient description of the way obstructed. *Simpson vs. Lewthwaite*, 3 *B. & Adol.*, 220; *Gale on Easements*, 61.

The second count for obstructing a highway is defective, because it does not set forth such special damage, as will entitle the plaintiff to maintain an action. The only damage complained of is, that the plaintiff is obliged in consequence of the obstruction to use a longer and more circuitous road in going to the post-office, markets, &c.

Now it is well settled, that one cannot maintain an action for obstructing a highway, unless he has suffered special damage, different not merely in *degree* but different in *kind* from that suffered by the community at large. And for two reasons: An obstruction of a highway is an offence for which an indictment will lie; and the remedy ordinarily is by indictment; and secondly, to allow every one to sue for such obstruction would lead to endless litigation. *Fineux vs. Hovenden, Croke Eliz.*, 664; *Hart vs. Bassett, Carth.*, 156; *Ireson vs. Moore*, 1 *Ld. Raym.*, 486; *Rose vs. Miles*, 4 *M. & S.*, 101.

The second count in this case does not differ in any respect from the declaration in *Houck vs. Wachter*, 34 *Md.*, 272, in which the Court said: "All the authorities agree that to support the action, the damage must be different not merely in degree, but different in kind from that suffered in common, hence it has been well settled that though the plaintiff may suffer more inconvenience than others from the obstruction, by reason of his proximity to the highway, that will not entitle him to maintain an action."

The question as to the nature and character of the special damage necessary to support an action of this kind was fully considered in *Wilkes vs. Hungerford Market Co.*, 2 *Bing. N. C.*, 281. There the plaintiff, a bookseller, had

a shop by the side of a highway, which was obstructed by the defendant, and the declaration alleged that in consequence of such obstruction the plaintiff had suffered loss in his trade and business.

TINDAL, C. J., said: "The plaintiff in addition to a right of way which he enjoyed in common with others, had a shop on the roadside, the business of which was supported by those who passed; all who passed had the right of way; but all had not shops. * * * In *Baker vs. Moore* the refusal of the plaintiff's tenants to remain on the premises was considered damage sufficiently peculiar and private to entitle the plaintiff to sue the defendant for having erected a wall across a common way used by the tenants."

The special damage sustained by the plaintiff in *Wilkes' Case* was the loss in his trade and business occasioned by the obstruction.

There is no special damage alleged in the second count of the declaration in this case.

The injury of which the plaintiff complains, that he was obliged to use a longer and more circuitous way, &c., is one which he sustains in common with every other person who may be obliged to use the road. It is not an injury different from that suffered by the community at large.

The cause of action set forth in the first count being a local one, namely, the obstruction of a private right of way lying in Baltimore County, the suit ought to have been brought in that county and not in Baltimore City. For these reasons the Court erred in overruling the demurrer, and we must therefore reverse the judgment without awarding a new trial.

*Judgment reversed, without*
*awarding a new trial.*

(Decided 26th March, 1884.)