# J. FRANK ROESSNER

*vs.*

## ALEXANDER R. MITCHELL, Trustee.

*Sales of lands: in equity; in different counties; jurisdiction; appeals; section 87 of Article 16 of Code; co-tenants; undivided interests; title of purchaser.*

The extension of the jurisdiction given to courts of equity by section 87 of Article 16 of the Code, over equitable proceedings, where the lands in question lie partly in one county and partly in another, or partly in one county and partly in the City of Baltimore, applies not only to cases where there is but one tract of land with contiguous portions in different counties, but also to cases where there are several tracts in question, some in one county, etc., and some in another county or counties.  p. 464

The purpose of the statute was to avoid a multiplicity of suits, with their costs and expenses.  p. 464

Where a Court has jurisdiction to decree the sale of property held by co-tenants, and to determine whether a sale should be made of an undivided interest, the only remedy from its decision is by appeal.  p. 466

Until such decision is reversed, on appeal, the decree is binding on the parties to the suit.                    p. 466

The purchaser of such an undivided interest in property, under such a decree, acquires only the interest of the parties to the suit.                    p. 466

*Decided January 15th, 1914.*

Appeal from the Circuit Court for Baltimore County. (In Equity). (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Harry S. Brindle,* for the appellant.

*Abraham C. Strite* (with whom was *William Grason* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

The bill in this case was filed in the Circuit Court for Baltimore County, in Equity, for the sale of the lands of which one Frederick G. Mitchell died seized and possessed, situated in Baltimore and Washington Counties, for the purpose of partition among those entitled thereto.

The defendants to the bill answered, and to the answer a replication was filed, and on the 14th day of July, 1906, a decree was passed by the said Court for the sale of said lands. including those in Washington County, in which the decedent, at the time of his death; was seized and possessed of

only an undivided one-half interest, and the appellee was appointed trustee to make sale of such lands.

A copy of the bill and decree was, on August 27th, 1906, filed in the Circuit Court for Washington County, in Equity, as required by statute.

The trustee on March 5th, 1913, reported to the Circuit Court for Baltimore County that he had sold to J. Frank Roessner, the appellant in this case, "certain of the lands mentioned in these proceedings in Washington County, Maryland," that are particularly described in the report of sale therein filed by him. The sale of said lands was finally ratified and confirmed by the Circuit Court for Baltimore County and a copy of such report of sale, so ratified and confirmed, was thereafter, on the 4th day of April, 1913, filed in the Circuit Court for Washington County in the chancery proceedings in which the above mentioned copy of the bill and decree had been filed.

In the sale of said property the purchaser made a cash payment and the balance or deferred payment, as reported to the Court, was to be made upon the final ratification of the sale, but when the sale was ratified the purchaser refused to pay the balance, and the trustee filed his petition on the 13th day of August, 1913, alleging, as we have stated, the course of his proceedings and the refusal of the purchaser to comply with the terms of sale, and praying for the passage of an order requiring the purchaser to comply therewith, and upon his failure to do so, asking that the property be resold at the risk of the purchaser. Upon this petition an order *nisi* was passed requiring the purchaser to show cause, on or before the date therein named, why the property should not be re sold as prayed.

To the petition the purchaser filed his answer, averring therein that the Circuit Court for Baltimore County, sitting in Equity, was without jurisdiction to decree the sale of the lands in Washington County, because: First, such lands were many miles away from and not connected with the

lands in Baltimore County and were entirely separate and distinct parcels; and that none of the plaintiffs and defendants, or parties properly made defendants, resided in Washington County, but were, at the time of the passage of the decree, residents of Baltimore County. Second, that Frederick G. Mitchell was, at the time of his death, seized and possessed of only an undivided one-half interest in such lands in Washington County, the other undivided one-half interest being owned and held by non-residents of the State of Maryland who were not made parties to the cause and whose interests in said lands were not thereby sought to be sold; and asked that the petition be dismissed with costs.

The case was submitted, without argument, upon the petition and answer, and the Court on the 16th day of September 1913, passed its order decreeing that the property in the petition mentioned be resold at the risk of the purchaser. It is from that order or decree that the appeal is taken.

The first reason given by the appellant in contending that the Circuit Court for Baltimore County was without jurisdiction to decree the sale of the land in Washington County, is that such land is not contiguous to and does not form a part of the tract or parcel of land that is located in Baltimore County, but is a separate tract or parcel of land.

This contention arises from the appellant's construction of section 87 of Article 16 of the Code of 1912. This section provides that in all proceedings to which it is applicable, "If the lands lie partly in one county and partly in another, or partly in one county and partly in the City of Baltimore, then such proceedings may be commenced in either county or in the City of Baltimore," and "that Court shall have jurisdiction in which proceedings shall have been first commenced."

We do not construe this language as it is construed by the appellants to apply only in those cases where the lands situated in the different counties are contiguous and together form one tract or parcel of land. The language used should

be given a wider and more comprehensive meaning. The
purpose of the statute was to avoid a multiplicity of suits
and the costs and expenses of such suits. If the appellant's
construction is to be placed upon the statute, it would apply
only to a very small number of cases. In the great number
of cases, where the lands in the different counties form sepa-
rate and distinct tracts, proceedings would have to be insti-
tuted in each county in which the land is situated, which
would be attended with much cost and expense. This we
think was not the intention of the Legislature as expressed
by the statute. In our opinion, the meaning of the language
of the statute is, that if all the lands to be affected by the
suit are not situated in one county or in the City of Balti-
more, but some of them are in one county and some in one
or more of the other counties, or some in the City of Balti-
more and some in one or more of the counties, then such pro-
ceedings may be commenced in either county, or in the City
of Baltimore, where any part of said land is situated, and
the Court in which the proceedings shall have been first com-
menced shall have jurisdiction as to all of said lands, with-
out regard to the fact that such lands are contiguous and
form one tract or parcel of land.

The Courts throughout this State have universally adopted
the construction that we here place upon the statute and
have so acted upon such construction, and until now such
practice has never been questioned, or if so. it has never been
brought to the attention of this Court, although in the case
of *Marquiondo* v. *Hoover*, 72 Md. 9, the Circuit Court for
Baltimore City, construing the statute as we have here con-
strued it, passed a decree for the sale of *certain ground rents
and reversions* in the City of Baltimore and *twenty acres of
land* in Baltimore County for the purpose of partition. The
Baltimore City property was sold under the decree, the land
in Baltimore County was offered for sale, but withdrawn
Several years thereafter an undivided interest therein of one
of the tenants in common was sold under a mortgage executed

by the holder of such undivided interest before the passage
of said decree, which was passed with the consent of the
mortgagee, and the purchaser at the sale of such undivided
interest filed his bill for the partition of said land, alleging
therein that the land was divisible and that he had received
no notice of the passage of the decree in the Baltimore City
Court and that no copy of said decree and bill had been filed
in the Circuit Court for Baltimore County prior to his pur-
chase of said interest and the conveyance of the same to him.
A demurrer to the bill was overruled and the case came to
this Court upon the ruling of the lower Court overruling the
demurrer. This Court sustained the validity of the decree
to the extent that it had been properly passed, but affirmed
the ruling of the Court below on the demurrer, because a
copy of the decree with the bill of complaint had not been
filed in due season in the Circuit Court for Baltimore Coun-
ty, as provided by the statute.

In that case the land located in Baltimore County could
not have formed a part of the *ground rents and reversions* in
Baltimore City, and in that respect it is like the case before
us.

The second reason assigned for the want of jurisdiction in
the Circuit Court for Baltimore County to decree the sale of
the land in Washington County, in which the parties to the
bill had only an undivided half interest, is fully answered by
the opinion of this Court in the case of *Dugan and Lyman* v.
*Mayor and City Council of Baltimore,* 70 Md. 1. In that
case a decree was passed by the Circuit Court for Baltimore
County for the sale of an undivided one-fourth interest of a
tract of land in said county for the purpose of partition
among those entitled thereto, and the Court there said, for
the reasons stated in its opinion, the lower Court erred in
decreeing the sale of such undivided fourth interest, but
added, "While such is our construction of the statute, we
cannot agree that the Court in passing the decree had no
jurisdiction of the subject-matter and that the purchaser

acquired no title to the interest sold under it. The bill was filed for the partition or sale of an undivided fourth part of the property in which the plaintiffs and defendants were tenants in common. The Court had a general jurisdiction to decree a sale of property held by co-tenants, and it had the jurisdiction to determine whether, under the Code, it had the power to sell an undivided interest in the property. Jurisdiction is a power to hear and determine. If the judgment of the Court is erroneous, the remedy is by appeal, and until rversed on appeal, the judgment is binding on the parties to the suit. The decree and sale under it could not, of course, affect in any manner the rights or interests of the owners of the remaining three-fourths of the property. The purchaser merely acquired the interest of the parties to the suit in the undivided fourth, and as such he is a tenant in common with the owners of the remaining three-fourths of the property."

In this case, as in that case, no appeal was taken from the granting of the decree, and what was said in that case fully applies to this case and in our opinion is a complete answer to the question here raised. In this case the purchaser of the Washington County lands merely acquired the interest of the parties to the suit in the undivided one-half and as such he is a tenant in common with the owners of the remaining half of the property. The decree of the lower Court will be affirmed.

*Decree affirmed, with costs to appellee.*