*Leigh S. Halstad v. Damian L. Halstad*
Case No.: 678 September Term, 2019
Opinion by Meredith, J.


**CIVIL PROCEDURE – VENUE – DISSOLUTION OF MARRIAGE.** The general venue statute in Maryland provides that a civil action may be filed in the jurisdiction where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation. In addition, an action seeking to annul a marriage may be filed in the jurisdiction where the marriage ceremony was performed; and an action seeking a divorce may be filed in the jurisdiction where the plaintiff resides. A party who contends that venue is not proper in the circuit court in which a complaint has been filed must raise the objection before filing an answer, and may do so by filing a motion to dismiss pursuant to Maryland Rule 2-322.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 678

September Term, 2019

LEIGH S. HALSTAD

v.

DAMIAN L. HALSTAD

Meredith,
Kehoe,
Leahy,

JJ.

Opinion by Meredith, J.

Filed: January 29, 2020

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Leigh Halstad ("Wife"), appellant, filed a complaint ("the Complaint") against her husband, Damian L. Halstad ("Husband"), appellee, in the Circuit Court for Baltimore City, asserting claims for annulment, divorce, and conversion. The court granted Husband's motion to dismiss the Complaint for lack of venue, and Wife appealed.

## QUESTION PRESENTED

Wife presented six questions in her brief, but the dispositive issue before this Court is: Did the Circuit Court for Baltimore City commit reversible error in granting the motion to dismiss the Complaint? We answer "no" to that question, and shall affirm the judgment of the circuit court.[1]

---

[1] Wife phrased her questions presented in her brief as follows:

1.      Did the Circuit Court commit an error of law in denying the Appellant a remedy and access to the courts by dismissing the Complaint for Annulment and Divorce on grounds of improper venue where proper venue was admitted?

2.      Did the Circuit Court commit an error of law in failing to enforce the provisions of Md. Courts & Judicial Proc. Code Ann. § 6-202 concerning venue?

3.      Did the Circuit Court violate the separation of powers and the prohibition on the suspension of law by failing to enforce the state venue statute?

4.      Should the pro se Appellant have to subsidize the Appellee's attorney's fees absent an order of the Circuit Court adjudicating the Complaint for Annulment and Divorce under Md. Fam. Law Art., § 7-107?

5.      Should this Court condone a party's use of and a court's reliance on an admittedly incorrect defense of improper venue in order to coerce a settlement agreement, maintain a destructive relationship or manipulate the plaintiff's choice of venue?

continued…

## FACTS AND PROCEDURAL BACKGROUND

The parties to this case were married on June 8, 1991, in Baltimore. They have resided since 1996 in Carroll County. They are the parents of three children. Both Wife and Husband are members of the Maryland bar. Husband is an attorney whose office is in Carroll County. Wife's license to practice law is on inactive status.

On January 31, 2019, Wife, acting *pro se*, filed the Complaint in the Circuit Court for Baltimore City. The caption of the Complaint lists the same address in Carroll County for both Wife and Husband. The Complaint is spread over 134 pages, and sets forth 717 numbered paragraphs divided into three counts that are captioned: "COUNT I ANNULMENT"; "COUNT II ABSOLUTE DIVORCE (ALTERNATE COUNT)"; and "COUNT III WRONGFUL TAKING AND/OR CONVERSION."

After Husband was served in Carroll County on February 6, 2019, he filed (through counsel) a "Motion To Dismiss For Improper Venue Or, In The Alternative, To Transfer." *See* Maryland Rule 2-322(a)(2), which provides: "The following defenses shall

_____
continued…

6. Did the Circuit Court err as a matter of law in failing to grant a request for a hearing in Divorce and Annulment case where child custody and child support was sought?

In her brief, in the argument section regarding Question 4, Wife states that, while "there is no court order in the family court below awarding Appellee the fees and costs associated with divorce and annulment pursuant to Md. Fam. Law Code Ann. § 7-107," she would like any future fee award to "make clear that Appellee (who is a practicing attorney) is barred from simply taking such funds from Appellant" without her consent and "absent obtaining such a ruling in the circuit court where the action was filed." But it appears that there is, at present, no such order ripe for adjudication.

be made by motion to dismiss filed before the answer, if an answer is required: . . . (2) improper venue, . . . ." Husband's motion asserted that, pursuant to Maryland Code (1973, 2013 Repl. Vol.), Courts and Judicial Proceedings Article ("CJP"), § 6-201(a), the general rule on venue provides that "a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation." According to Husband's motion, venue under CJP § 6-201(a) would not lie in Baltimore City, and would be proper only in Carroll County. Husband's motion further asserted that, although CJP § 6-202(1) provides that a divorce action may also be filed in the venue "[w]here the plaintiff resides," that statute would also provide for the action to be filed in Carroll County, and not Baltimore City.[2]

Wife filed an opposition to the motion to dismiss on March 8, 2019. She noted that Husband's motion had not addressed CJP § 6-202(2), which provides that an action for annulment may be brought "[w]here the plaintiff resides or where the marriage ceremony was performed." Although Wife's opposition asserted that Husband "has failed to meet his burden of proof to establish that venue in this Court is improper," Wife provided no additional information to support venue in Baltimore City. Her opposition

---

[2] In the motion to dismiss, Husband asserted that Carroll County is the proper venue, but he also asserted that the case might "be better suited for transfer to Howard County" because of Husband's "professional and personal relationships with the judges who sit in the Circuit Court for Carroll County." But, as Wife pointed out in her opposition, Husband did not allege facts that would support a finding that venue was proper in Howard County. *Cf.* Maryland Rule 2-327(b) (granting court authority to "transfer the action to any county in which it could have been brought"). Rule 2-327(c), permitting a transfer for convenience of the parties and witnesses, similarly limits the transfer "to any other circuit court where the action might have been brought."

3

objected to Husband's request for transfer of the Complaint. Neither party requested a hearing on the motion. *See* Maryland Rule 2-311(f) ("A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2-532, 2-533, or 2-534, shall request the hearing in the motion or response under the heading 'Request for Hearing.' The title of the motion or response shall state that a hearing is requested.").

On March 13, 2019, Wife filed a "Request For Order Of Default." In that document, Wife asserted that Husband was in default for failing to file an answer to the Complaint within 30 days after he was served with process. Wife's allegation of a default was, however, in error because Maryland Rule 2-321(c) provides a party who files a preliminary motion pursuant to Rule 2-322—such as Husband's motion to dismiss—an automatic extension of the time for filing an answer to the complaint. Rule 2-321(c) states, in pertinent part: "When a motion is filed pursuant to Rule 2-322 . . ., the time for filing an answer is extended without special order to 15 days after entry of the court's order on the motion . . . ."

On March 19, 2019, the Circuit Court for Baltimore City docketed an order granting Husband's motion and dismissing the Complaint for lack of venue. The case was ordered dismissed (and not transferred).

On March 28, 2019, Wife filed a "Motion To Alter Or Amend Judgment," asking the circuit court to "vacate the order of dismissal." In her motion, Wife asserted— apparently for the first time in any of the documents filed in the Circuit Court for Baltimore City in this case—that the couple's marriage ceremony had been performed in Baltimore City. She stated in her motion: "Plaintiff further alleges in this pleading that

4

the marriage ceremony, whether effective or ineffective, was performed in Baltimore City at the Church of the Redeemer." Wife further stated in the motion that she "is willing to amend the Complaint to include this allegation pursuant to Md. Rule 2-341."

Husband filed an opposition on April 15, 2019, admitting Wife's allegation that their marriage ceremony had been performed in Baltimore City at the Church of the Redeemer, but nevertheless arguing that the case was correctly dismissed because there was no basis for venue in Baltimore City for two of the three counts in the Complaint. Husband's opposition stated, in part: "The marriage ceremony is the only contact this Court has with this complaint as both the Plaintiff and Defendant have resided in Carroll County for over twenty years."

On April 17, 2019, Wife filed a reply to the opposition, highlighting that Husband had now admitted that their marriage ceremony took place in Baltimore City, and that he had directed her to obtain a marriage license from the clerk of the Circuit Court for Baltimore City prior to the marriage ceremony. Consequently, she asserted, the court should retain the case even if venue was proper for only one of the three counts in the Complaint.

On May 2, 2019, the circuit court summarily denied Wife's motion to alter or amend. The court also denied Wife's request for an order of default "as moot." Wife noted her appeal to this Court on May 29, 2019.

## STANDARD OF REVIEW

We review *de novo* the decision of the circuit court on a motion to dismiss for improper venue. *See D.L. v. Sheppard Pratt Health System, Inc.*, 465 Md. 339, 350

5

(2019) ("When reviewing the grant of a motion to dismiss, the appropriate standard of review is whether the trial court was legally correct." (Internal quotation marks and citations omitted.)); *see also Lampros v. Gelb & Gelb, P.C.*, 153 Md. App. 447, 456 (2003) (reviewing *de novo* the denial of a motion to dismiss for lack of venue); *Swanson v. Wilde*, 74 Md. App. 57, 61 (reviewing *de novo* a dismissal for lack of venue), *aff'd*, 314 Md. 80 (1988).

We review for abuse of discretion the denial of a motion to alter or amend. *Schlotzhauer v. Morton*, 224 Md. App. 72, 84 (2015) ("'In general, the denial of a motion to alter or amend a judgment is reviewed by appellate courts for abuse of discretion.' *RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 673, 994 A.2d 430 (2010) (citing *Wilson–X v. Dep't of Human Res.*, 403 Md. 667, 674–75, 944 A.2d 509 (2008)).").

## DISCUSSION

The pertinent venue provisions are set forth in CJP §§ 6-201(a) and 6-202(2). CJP § 6-201(a) is Maryland's general venue statute, and it provides:

(a)    Subject to the provisions of §§ 6-202 and 6-203 of this subtitle and unless otherwise provided by law, **a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation.** In addition, a corporation also may be sued where it maintains its principal office in the State.[3]

---

[3] Neither party suggests that CJP § 6-203 is pertinent to the instant case, and we agree that it is not pertinent. That section (mentioned in § 6-201(a)) provides that the "general rule of § 6-201 of this subtitle does not apply to" enumerated actions concerning particular interests in land, certain actions against a railroad company, an action "for guardianship under Title 5, Subtitle 3 of the Family Law Article," and certain adoptions.

6

(Emphasis added.)

Section 6-202 provides: "In addition to the venue provided in § 6-201 or § 6-203, the following actions **may** be brought in the indicated county: (1) Divorce – Where the plaintiff resides; (2) Annulment – Where the plaintiff resides or where the marriage ceremony was performed." (Emphasis added.) Section 6-202(8) provides that a tort action "based on negligence" may be filed "[w]here the cause of action arose."

Both parties are longtime residents of Carroll County, and Carroll County is where Husband is employed. Accordingly, the general venue provision of CJP § 6-201(a) provides that venue for Wife's Complaint would be proper in Carroll County. The only applicable provision permitting alternate venue in a location other than Carroll County is § 6-202(2), which permits an action for annulment to be brought "where the marriage ceremony was performed," which, in this case, was Baltimore City. But Baltimore City would not be the proper venue for litigation of Count II of Wife's complaint (seeking divorce), or of Count III (claiming wrongful taking/conversion); there is no additional venue for those counts other than the Circuit Court for Carroll County. In other words, Carroll County is the only jurisdiction in which venue would have been proper for all three of the causes of actions alleged in Wife's complaint.[4]

---

[4] Count III alleges that Husband "wrongfully [took] and/or disposed of" various items of personal property belonging to Wife, including her dog, and a vehicle titled in Wife's name that Wife contends Husband has "made . . . disappear without notice," as well as a long list of items of personal property, and "the use of beneficial funds[.]" The Complaint does not allege that the tortious conduct occurred in a location other than Carroll County, where both parties lived. "Conversion is an intentional tort, consisting of

continued…

At the time the circuit court ruled on Husband's motion to dismiss, the location of the marriage ceremony was not alleged in Wife's 137-page Complaint. Nor was the location of the ceremony specified in Wife's opposition to the motion to dismiss. Based upon the allegations that were made in the Complaint, the circuit court did not err in concluding that there was no basis for venue in Baltimore City, and therefore, the circuit court did not err in entering an order dismissing the Complaint on March 19, 2019.

In Wife's motion to alter or amend, Wife apprised the circuit court for the first time that the parties' marriage ceremony was performed in Baltimore City, and therefore, pursuant to CJP § 6-202(2), Baltimore City was a permitted additional venue for one of the three causes of action in the Complaint. But Wife did not offer to sever the two other counts for which Baltimore City was not the proper venue. And we conclude that the circuit court did not abuse its discretion in declining to alter or amend the ruling it had previously made. "When a party requests that a court reconsider a ruling solely because of new arguments that the party could have raised before the court ruled, the court has almost limitless discretion not to consider those arguments." *Schlotzhauer*, *supra*, 224 Md. App. at 85.

_____

continued…

two elements, a physical act combined with a certain state of mind." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261 (2004). In the absence of an allegation that a tort based on negligence occurred outside Carroll County, venue for Count III of the Complaint was proper only in Carroll County, where the tort allegedly occurred and where the parties reside. Similarly, venue was proper for Count II, in which Wife requested a divorce, only in Carroll County. Although divorce is an action which CJP § 6-202(1) recognizes as eligible for "addition[al] . . . venue" other than that "provided in § 6-201 or § 6-203," the only proper venue for this couple would be no place other than Carroll County, as that is where Wife and Husband both reside.

Moreover, Wife has directed us to no case in which state courts in Maryland have adopted the concept of pendent venue. We acknowledge that some federal cases have recognized pendent venue as an exception to the normal rule that, "[i]n general, venue must be established for each separate cause of action." *High River Ltd. Partnership v. Mylan Laboratories, Inc.*, 353 F.Supp. 2d 487, 493 (M.D. Pa. 2005). *Accord Basile v. Walt Disney Co.*, 717 F.Supp. 2d 381, 386 (S.D.N.Y. 2010) ("in a case of multiple claims, proper venue must be established with respect to each cause of action asserted, . . . [a]nd where venue is challenged, it is plaintiff's burden to show that it is proper in the forum district" (internal quotation marks and citations omitted)). The general rule for federal courts is summarized as follows in 14D FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 3808 (4th ed. Westlaw):

> The starting point under the general venue statute, 28 U.S.C.A. § 1391(b), is that venue must be proper for each claim joined between the original parties to the case. Thus, if the plaintiff asserts multiple claims against the defendant, venue must be proper for each claim.

(Footnote omitted.)

But the authors of WRIGHT & MILLER point out that, under some circumstances, federal courts may exercise their discretion to hear cases where claims for which venue would not have been proper have been joined with one or more claims for which venue is proper. *Id.* at n.38 ("'Whether to apply the principle of pendent venue in any given case is a discretionary decision, based on applicable policy considerations.'" (quoting *United States S.E.C. v. e-Smart Technologies, Inc.*, 926 F.Supp. 2d 231 (D.D.C. 2013)). *See Basile, supra*, 717 F.Supp. 2d at 387-88 (concluding that pendent venue was

9

"inappropriate" in that case based upon considerations of "judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants" who would be seriously inconvenienced if required to defend the action in the forum where suit was filed). The federal procedural venue rule is also discussed in 32A AM. JUR. 2d *Federal Courts* § 1086 (Westlaw ed., November 2019 update).

When faced with a request to permit venue analogous to pendent jurisdiction in a putative class action alleging trespasses, however, the Maryland Court of Appeals declined to permit the plaintiffs to join a claim for which there was no venue with a claim for which venue was proper in *Piven v. Comcast Corporation*, 397 Md. 278 (2007). In *Piven*, the plaintiffs sued various Comcast entities, alleging that the cable television utility companies had committed trespasses upon private property by entering upon property of the plaintiffs and "stringing [Comcast] wires across the plaintiffs' property without permission." *Id.* at 280. The complaint sought compensatory damages and injunctive relief, as well as a ruling "to quiet title." *Id.* at 281. The complaint was filed in Baltimore County, but the real property of only one couple of the named plaintiffs was located in Baltimore County; the real property of the other named plaintiffs was located in Baltimore City. The Circuit Court for Baltimore County granted the defendants' motion to dismiss because Baltimore County was not a proper venue for pursuit of a claim of trespass to property located in Baltimore City. *Id.* at 282. After this Court affirmed the dismissal for lack of venue, the Court of Appeals granted a writ of *certiorari*. The Court of Appeals likewise affirmed the dismissal, observing that "actions for trespass to land are local actions that must be brought where all or a portion of the

10

land is situated." *Id*. at 286. The Court of Appeals did not expressly address the concept of pendent venue, but firmly rejected the plaintiffs' contention that the Baltimore City plaintiffs' claims against Comcast could be heard by the Circuit Court for Baltimore County. *Id*. at 290. The Court of Appeals also noted that the Baltimore City plaintiffs had rejected the option of transferring their claims to the Circuit Court for Baltimore City, and therefore, the Court of Appeals found "no abuse of discretion in the [circuit] court dismissing the amended complaint." *Id*.

We have been directed to no case in which the appellate courts of Maryland have adopted the concept of pendent venue in a case in which venue was proper for only one of a plaintiff's multiple causes of action. Indeed, so far as we can discern, the phrase "pendent venue" has never appeared in a reported opinion of either this Court or the Court of Appeals.

But, even if Maryland did recognize and adopt the federal concept of pendent venue as a possibility for expanding venue in actions in the courts of this State, because the grant of federal pendent venue is subject to judicial discretion, we would not conclude that the Circuit Court for Baltimore City abused its discretion in declining to extend pendent venue to a case such as this in which venue was lacking for two of the three counts, and both the plaintiff and defendant were longtime residents of another county where venue was proper for all three counts. Consequently, we are not persuaded that it was an abuse of discretion for the circuit court to deny Wife's motion to alter or amend.

> **JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

11